484 So.2d 97 (1986)
Jeffrey Alexander GRUNZEL, Appellant,
v.
STATE of Florida, Appellee.
No. BG-66.
District Court of Appeal of Florida, First District.
March 6, 1986.
*98 J. Craig Williams, of Williams & Stapp, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Henry C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Grunzel appeals from a conviction for one count of burglary with an assault and two counts of sexual battery. He contends that the incident leading to his conviction should have resulted in only one count of sexual battery. We disagree with Grunzel and affirm the conviction.
On September 16, 1984 Grunzel entered the victim's apartment where against her will he performed cunnilingus for a few seconds immediately before having intercourse with her. In the information Grunzel was charged with one count of burglary and two counts of sexual battery. He pled nolo contendere, reserving the right to appeal the determination on the number of counts of sexual battery. The trial court sentenced Grunzel to seven years on each count, to run concurrently.
Grunzel argues that the incident constituted only one continuous episode of sexual battery and that he was therefore wrongly convicted of two offenses. We disagree. The Florida Statutes defines sexual battery as:
oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal, or vaginal penetration of another by any other object ...
s. 794.011(1)(f), F.S. (1983).
It is our opinion that in this case two violations of the statute occurred. Adopting the reasoning of the Second DCA in Duke v. State, 444 So.2d 492 (Fla. 2d DCA 1984), we find each act was a sexual battery of a separate character and type which logically requires different elements of proof. Notwithstanding the short interval of time that evolved between the acts involved here, we believe each act is a separate criminal offense. Duke, at 494.
The argument that cunnilingus does not meet the statutory definition of "penetration by any other object" does not advance Grunzel's appeal. The act of cunnilingus might or might not involve a penetration, depending on the facts of each case. It is, in all cases, the "oral union with the sexual organ of another." An oral union followed by any other act that fits the statutory language constitutes two separate violations of the sexual battery statute.
We agree with Grunzel that if the statute were ambiguous the rules of statutory construction would require the statute be construed against the state and for the accused. However, it is clear that application of the statute to these facts was well within the intent of the legislature. Chapter 794 of Florida Statutes shows a clear intent to protect an individual's sexual privacy from violence. Aiken v. State, 390 So.2d 1186 (Fla. 1980) "[A] violation of the sexual battery statute occurs whenever ... there is intentional, non-consensual intrusion into the sexual privacy of another." Surace v. State, 378 So.2d 895, 899 (Fla. 3d DCA 1980) (Schwartz, J., specially concurring), cert. denied 389 So.2d 1115 (Fla. 1980). See also Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984).
Accordingly, we affirm.
SHIVERS and NIMMONS, JJ., concur.