965 So.2d 224 (2007)
Miguel LAGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1336.
District Court of Appeal of Florida, Third District.
September 5, 2007.
Mills and Carlin, P.A., and John S. Mills, Jacksonville, for appellant.
Bill McCollum, Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and GREEN and RAMIREZ, JJ.
On Motion for Rehearing
PER CURIAM.
We grant the motion for rehearing, withdraw our prior opinion filed November 15, 2006, and substitute the following in its stead.
The appellant, Miguel Lago, appeals from the denial of his Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence. We treat this appeal as a petition for common law habeas corpus and grant the same.
Lago was convicted and sentenced in 1990 to consecutive sentences for robbery with a firearm and unlawful possession of a firearm while engaged in a criminal offense. Both convictions arose out of the same robbery of the same victim. After an unsuccessful direct appeal and several unsuccessful pro se post-conviction challenges to his convictions and sentences, Lago filed a Rule 3.800 motion to correct illegal sentence in November 2005 on the grounds that his consecutive sentences were violative of his constitutional protection against double jeopardy. See Hall v. State, 517 So.2d 678 (Fla.1988). For the first time since his direct appeal,[1] counsel appeared on behalf of Lago and *226 argued the motion to the trial court. Although raised by Lago in his prior pro se post-conviction motions, this was the first time that Lago had counsel to assist him in raising his double jeopardy claim. The State opposed Lago's motion on the grounds of "law of the case." Although the trial court found Lago's sentence to be "patently illegal," it denied the motion, on law of the case grounds. Specifically, the trial court found that:
The defendant, through counsel, has made a compelling case that his sentence is patently illegal. . . . Additionally, it is plain from the face of the record that the defendant received ineffective assistance of appellate counsel in his direct appeal and that, . . . he would have had his sentence on Count II [possession of a firearm during the commission of a felony] vacated had any of his prior filings been deemed to have raised an ineffective assistance claim.
* * *
Nonetheless, the Court is constrained to deny relief in this case, even though it works, and this Court expressly finds, a manifest injustice in this case.
Because we agree that Lago's sentence for possession of a firearm during the commission of a felony is violative of the double jeopardy clause, and thus "patently illegal," we find that his consecutive sentence for the same to be manifestly unjust. We also agree that the trial court's denial of Lago's Rule 3.800 motion was proper on law of the case grounds. This, however, does not preclude us from correcting Lago's sentencing error. See Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965)(recognizing appellate court's power to reconsider and correct ruling that has become "law of the case" where adherence to ruling would result in manifest injustice). Where, as here, a manifest injustice has occurred it is the responsibility of the court to correct that injustice, if it can. See Adams v. State, 957 So.2d 1183 (Fla. 3d DCA 2007).
Accordingly, we treat Lago's appeal as a petition for writ of habeas corpus and grant the same. See Ross v. State, 901 So.2d 252 (Fla. 4th DCA 2005)(habeas corpus relief granted, despite law of the case doctrine, where manifest injustice had occurred). We therefore remand this case with instructions that Lago be resentenced in accordance with this opinion.
Petition granted.
NOTES
[1] Although Hall was good law at the time of Lago's conviction, his appellate counsel did not raise a double jeopardy claim on his direct appeal. This type of failure has since been held to constitute ineffective assistance of appellate counsel, requiring that the possession of a firearm conviction be vacated. See Dixon v. Singletary, 672 So.2d 602 (Fla. 3d DCA 1996).