980 So.2d 1169 (2008)
Joshua MESHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2471.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
*1170 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Joshua Meshell appeals from his judgments and sentences on multiple counts of lewd and lascivious battery,[1] raising one double jeopardy issue relating to only one of the charges. We agree with Meshell that our prior decision in Capron v. State, 948 So.2d 954 (Fla. 5th DCA 2007), requires reversal of the challenged conviction. However, we also recognize that this result seems irreconcilable with a line of cases from other district courts holding that double jeopardy does not bar multiple sexual battery[2] convictions for distinctly different sex acts committed on the same victim during a single criminal episode. Therefore, although we reverse the challenged conviction, we also note the inherent conflict between our holding and the sexual battery line of cases which treats different sex acts as "distinct criminal acts" for double jeopardy purposes, and certify a question relating to the issue before us. In addressing this case, we will first discuss case law relating to a double jeopardy analysis, generally. Next, we will discuss the facts of this case. Finally, we will analyze the facts in light of relevant case law, which will require a discussion of the different treatment given by Florida courts to the same double jeopardy problem arising under the sexual battery and lewd and lascivious battery statutes. As a result of this discussion, we conclude that further clarification from our supreme court is needed.

Double Jeopardy
"Double jeopardy" refers to the double jeopardy clause of the Fifth Amendment to our United States Constitution. Florida's constitution contains a similar provision. See Art. I, § 9, Fla. Const. As more thoroughly explained in State v. Paul, 934 So.2d 1167, 1171 (Fla.2006), the double jeopardy clause provides three separate constitutional protections, including a prohibition against multiple punishments for the same offense, which is the matter at issue here. With respect to this protection, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Consequently, "[t]he prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Paul, 934 So.2d at 1171-1172 (Fla.2006) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court created a test for use in determining whether multiple punishments for the same conduct violate double jeopardy in the absence of an explicit statement of legislative intent to *1171 authorize separate punishments for two crimes. In Florida, the Blockburger test has been codified in section 775.021, Florida Statutes.
Of particular relevance to our analysis is section 775.021(4)(a), Florida Statutes, which codifies the Blockburger "same elements" test, pursuant to which offenses committed during the same criminal episode are considered separate for double jeopardy purposes "if each offense requires proof of an element that the other does not." Id.

Relevant Facts
Meshell, age twenty-three, was charged with five counts of lewd and lascivious battery for sex acts he allegedly committed with a thirteen-year-old girl, occurring over a three-day period. Counts 1 through 3 alleged three distinct sex acts, all occurring on the same date, as follows: (1) Meshell "did with his penis penetrate or have union with the vagina of [the victim];" (2) Meshell "did with his mouth have union with the vagina of [the victim];" and (3) Meshell "did with his penis have union with the mouth of [the victim]." At trial, the victim testified that: "we just started touching each other and then we kind of  he put his mouth on my vagina and I put my mouth on his penis, and then he put his penis in my vagina." Meshell's post-miranda written confession, which was also introduced at trial, recounts the events in similar summary fashion, but does not state that he performed oral sex on the victim. The jury returned guilty verdicts on all counts but count 2.

Issue On Appeal And Analysis
On appeal, Meshell argues that his convictions and sentences on counts 1 and 3 violate double jeopardy because the record is devoid of evidence demonstrating a temporal break between the sex acts sufficient to allow time for reflection, citing to Capron. In that case, a panel of our court found double jeopardy violations for lewd or lascivious battery convictions involving different sex acts, where the defendant did not have time to "`pause, reflect, and form a new criminal intent between'" each act. Capron, 948 So.2d at 958 (quoting Mijarez v. State, 889 So.2d 827, 828 (Fla. 4th DCA 2004)). The significance of the "pause" in this context is that the law views any additional criminal act occurring after a pause with sufficient time for reflection as a new criminal transaction or episode. Paul, 934 So.2d at 1172-73 (citations omitted). The double jeopardy clause does not bar multiple convictions for the same crime committed in a new criminal episode. Id. Therefore, in our context, if a defendant committed the exact same sex act upon his victim twice, there would be no double jeopardy bar prohibiting two convictions for the same crime, as long as a sufficient pause (or "temporal break") existed between the two acts to allow the defendant to reflect and form a new criminal intent. Id. at 1173-74 (citations omitted).[3]
Applying Capron to the facts of this case, we agree that a reversal of one of the lewd or lascivious battery convictions is required because there was no evidence of any pause between the sex acts.
This result, however, appears irreconcilable with a line of cases addressing double jeopardy claims relating to different sex acts proscribed in section 794.011, Florida Statutes, the sexual battery statute. *1172 First, we note that the lewd and lascivious battery statute, under which Meshell was prosecuted, proscribes "sexual activity" with a minor, which the statute defines using a list of specifically described sex acts that is identical to the definition of sexual battery found in section 794.011. Compare § 800.04(1)(a) ("`Sexual activity' means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . .") with § 794.011(1)(h) ("`Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . ."). Therefore, we can see no logical reason to treat the statutes differently.
However, it appears that every district court in Florida that has addressed the issue, except ours, has held that each distinct sex act described in section 794.011, Florida Statutes, is a different criminal act for purposes of double jeopardy analysis, so that a separate conviction is allowed for each distinct act committed during a single criminal episode (without any temporal break). See, e.g., Schwenn v. State, 898 So.2d 1130 (Fla. 4th DCA 2005), Saavedra v. State, 576 So.2d 953 (Fla.1st DCA 1991), approved on other grounds, 622 So.2d 952 (Fla.1993), cert. denied, 510 U.S. 1080, 114 S.Ct. 901, 127 L.Ed.2d 93 (1994); Pulido v. State, 566 So.2d 1388 (Fla. 3d DCA 1990); Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986), Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986); Duke v. State, 444 So.2d 492 (Fla. 2d DCA), approved on other grounds, 456 So.2d 893 (Fla.1984); but cf. Newell v. State, 935 So.2d 83, 84 (Fla. 5th DCA 2006) ("The issue involving the convictions for two counts of sexual battery is governed by the principle[ ] . . . that in order for crimes to be considered to have occurred in more than one criminal episode, there must be such a sufficient temporal break between the two acts as to allow the offender to reflect and form a new criminal intent for each offense.").
In Grunzel, for example, the court noted that sexual battery could be committed in a number of separately enumerated ways. Because "each act" in that case "was a sexual battery of a separate character and type which logically requires different elements of proof," the court held each act to be a "separate criminal offense" notwithstanding "the short interval of time that evolved between the acts involved." In that case, the defendant had performed oral sex on the victim "a few seconds before having intercourse with her." Yet, because each charge related to a distinctly different sex act separately proscribed as sexual battery, the court found no double jeopardy violation. Grunzel, 484 So.2d at 98; see also Paul, 934 So.2d at 1173 n. 3 ("Of course, if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern.") (citing Hayes v. State, 803 So.2d 695, 700 (Fla.2001)).
The other sexual battery cases cited above all follow this reasoning, holding that "each act is a sexual battery of a separate character and type which logically requires different elements of proof." Duke, 444 So.2d at 494. As further explained in Duke: "Clearly, penetration of the vagina and penetration of the anus are distinct acts necessary to complete each sexual battery. Therefore, notwithstanding the short interval of time involved here, we believe each act is a separate criminal offense." Id. This analysis appears to be consistent with the supreme court's discussion of double jeopardy problems involving convictions under different subsections of 800.04 for "specific alternative conduct." See Paul, 934 So.2d at 1174 n. 4. There, the court indicated that separate convictions *1173 under different subsections of section 800.04, for acts undertaken during a single criminal episode, would only violate double jeopardy if the defendant was being prosecuted "for the same conduct" under both subsections of the statute. Id. If this is the appropriate double jeopardy analysis for prosecution under different subsections of the statute, it would arguably be the appropriate approach for prosecutions involving the distinctly different acts proscribed under section 800.04(4) as lewd and lascivious battery. We also note the compelling argument that a defendant who abandons one sex act and initiates another, even without a temporal break, clearly and necessarily formed an intent to initiate a different sex act. In other words, when dealing with different acts, no temporal break is needed to show a new criminal intent because the very fact that the defendant abandoned one act for another, itself, evidences the new intent.
Applying the Duke line of cases to Meshell's convictions, of course, there would be no double jeopardy violation because counts 1 and 3 relate to different enumerated sex acts.
Inexplicably, even the other district courts in Florida do not appear to have applied their Duke double jeopardy analysis of the sexual battery statute to the same list of distinct sex acts proscribed in section 800.04(4), Florida Statutes. See, e.g., Samuel v. State, 925 So.2d 475 (Fla. 4th DCA 2006) (upholding multiple convictions for lewd and lascivious battery over double jeopardy challenge based upon finding that the acts were both distinct in character and temporally separated so that the defendant had sufficient time to reflect and form a new criminal intent); Coffield v. State, 872 So.2d 430 (Fla. 4th DCA 2004) (reversing lewd and lascivious battery conviction on grounds that evidence did not reflect sufficient pause between two distinct sex acts to avoid double jeopardy violation); Cabanela v. State, 871 So.2d 279 (Fla. 3d DCA 2004) (holding that "double jeopardy considerations preclude multiple convictions and sentences for lewd and lascivious behavior which arise out of a single criminal episode where there is no significant spatial and/or temporal break in the episode").[4]
To further confuse the issue, even though we find the approach taken in the Duke line of cases to have a logical appeal, and to be consistent with the supreme court's direction in footnote 4 of its Paul opinion, this approach also appears inconsistent with the directive in Paul that a court's double jeopardy analysis is to be undertaken "`without regard to the accusatory pleading or the proof adduced at trial.'" Id. at 1173 (emphasis in original) (quoting § 775.021(4)(a), Florida Statutes). The panel in Capron took this directive at face value, recognizing that there is no way to determine that a defendant has been charged and lawfully convicted for different sex acts proscribed by the same statute without looking at the accusatory pleading and proof adduced at trial. Therefore, if our analysis is confined to a *1174 review of the statute, there could only be one conviction for sexual battery or lewd and lascivious battery, arising out of the same criminal episode, irrespective of the number of distinctly different sex acts a defendant perpetrates upon a victim. For this reason, the holding in Capron, which we follow today, is firmly founded upon a viable reading of Paul.
Nevertheless, it is possible that footnote 4 in Paul authorizes a second level of analysis applicable only to alternative conduct statutes, to be applied after the "same elements" test. In other words, if after looking solely at the statute(s), and without regard to the accusatory pleading or proof at trial, a court determines that a statute proscribes specific alternative conduct (or, more than one "distinct criminal act"), it should treat each distinct act as a different element and conclude that the same elements test will allow a separate conviction for each distinct criminal act perpetrated during a criminal episode. As a second step, then, the court would have to review the accusatory pleading and proof to determine whether the convictions in the case on review were based upon the same act (which would violate double jeopardy), or different acts (which would not violate double jeopardy). This would be one way to square the supreme court's discussion of the same element test in Paul with its application in footnote 4 of that case and with the Duke line of cases.
We recognize, however, that the issue in Paul involved an analysis of convictions under two separate statutory sections, and not multiple convictions under the same statute. We also recognize that although the Duke line of cases would permit multiple convictions for different acts proscribed by a single alternative conduct statute (and committed during a single criminal episode), this is not the way other alternative conduct statutes appear to have been applied. For example, if the Duke line of cases is followed, it could also logically be argued that two convictions should be permitted for battery[5] where a defendant both (1) intentionally touched or struck the victim against his or her will and (2) intentionally caused bodily harm to the victim, during the same criminal episode, so long as each conviction was based upon a different act.[6] However, we are unaware of any Florida cases applying this type of double jeopardy analysis to any other alternative conduct statute. Therefore, without additional direction from our supreme court, we are unwilling to abandon our analysis in Capron in favor of a rule borrowed from the Duke line of cases.

Conclusion
Applying Capron, we reverse Meshell's conviction as to count 3 and remand with directions that the trial court vacate and set aside that conviction and sentence.[7] In all other respects, Meshell's convictions and sentences are affirmed.

Question Certified
Given the inconsistent treatment applied by the district courts to double jeopardy issues relating to identical language in the sexual battery and lewd and lascivious battery statutes, and the significant number *1175 of prosecutions in this state under both statutes, we certify the following question to the supreme court as an issue of great public importance:
ARE THE SEX ACTS PROSCRIBED BY SECTIONS 794.011 and 800.04(4), FLORIDA STATUTES, PROPERLY VIEWED AS "DISTINCT CRIMINAL ACTS" FOR DOUBLE JEOPARDY PURPOSES, SO THAT A DEFENDANT CAN BE SEPARATELY CONVICTED FOR EACH DISTINCT ACT COMMITTED DURING A SINGLE CRIMINAL EPISODE?
AFFIRMED IN PART, REVERSED IN PART AND REMANDED; QUESTION CERTIFIED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] § 800.04(4), Fla. Stat. (2006).
[2] § 794.011, Fla. Stat. (2006).
[3] Two other factors have also been used to determine whether offenses occurred during a single criminal episode: (1) whether there are multiple victims; and (2) whether the offenses occurred in multiple locations. See Paul, 934 So.2d at 1173-74. In our case, however, involving one victim in a single location, the only relevant factor is the "temporal break."
[4] As noted in Cabanela, section 800.04, Florida Statutes, was substantially rewritten as of October 1, 1999. See Ch. 99-201, §§ 6, 17, Laws of Florida. It was at this time that the Legislature added the definition of "sexual activity" which mirrors the definition of sexual battery found in section 794.011, Florida Statutes, and also created the offense of lewd and lascivious battery for "sexual activity" with a minor. The panel in Cabanela grounded its double jeopardy analysis on its conclusion that "the [new] statute's focus [is] on conduct involving sexual activity and not upon the individual acts that comprise lewd and lascivious activity." Although this observation may be correct with respect to other subsections in section 800.04, it does not appear to be an accurate description of section 800.04(4), proscribing lewd and lascivious battery.
[5] See § 784.03, Fla. Stat. (2007).
[6] For example, a defendant could be convicted for striking a victim with a blow to the head and, with no temporal break sufficient to allow for additional reflection, pushing the victim down (and thereby causing bodily injury).
[7] Because count 3 was originally imposed as a probationary sentence to run concurrently with another probationary sentence of equal length imposed on count 4, the overall structure of Meshell's sentence will be unaffected, and a resentencing hearing should not be required.