POLSTON, J.
Petitioner State of Florida argues that the Fifth District Court of Appeal in Meshell v. State, 980 So.2d 1169 (Fla. 5th DCA 2008), erred in holding that Respondent Joshua Meshell’s convictions for lewd and lascivious battery, under section 800.04(4), Florida Statutes (2006), for vaginal penetration or union (Count 1) and for oral sex (Count 3) violated double jeopardy. Because these are distinct criminal acts, we agree with the State that there is no double jeopardy violation.
Although the Fifth District reversed the trial court’s judgment, holding that pursuant to its precedent the convictions for both Counts 1 and 3 violated double jeopardy, the district court noted that its ruling was inconsistent with various Florida district court of appeal rulings relating to the analogous sexual battery statute, section 794.011, Florida Statutes (2006). Meshell, 980 So.2d at 1170. The different sex acts proscribed in the sexual battery statute, ruled as distinct criminal acts for double jeopardy purposes, are the same sex acts as those proscribed in the lewd and lascivious battery statute. Accordingly, in its decision, the Fifth District certified the following question to be of great public importance:
ARE THE SEX ACTS PROSCRIBED BY SECTIONS 794.011 AND 800.04(4), FLORIDA STATUTES, PROPERLY VIEWED AS “DISTINCT CRIMINAL ACTS” FOR DOUBLE JEOPARDY PURPOSES, SO THAT A DEFENDANT CAN BE SEPARATELY CONVICTED FOR EACH DISTINCT ACT COMMITTED DURING A SINGLE CRIMINAL EPISODE?
*134 Id. at 1175.[1] Because the Fifth District only had section 800.04(4) at issue before it, and ruled only on that statute, we limit our review to the certified question as it pertains to section 800.04(4),[2] and answer it affirmatively.
I. BACKGROUND
Over the weekend of December 19-21, 2006, Joshua Meshell, age twenty-three, engaged in various sexual acts with a thirteen-year-old female. The State charged Meshell with five counts of lewd and lascivious battery in violation of section 800.04(4). Of these, the first three occurred at approximately the same time on December 19:(1) Meshell “did with his penis penetrate or have union with the vagina of [the victim];” (2) Meshell “did with his mouth have union with the vagina of [the victim];” and (3) Meshell “did with his penis have union with the mouth of [the victim].” After the jury returned a guilty verdict for all counts but Count 2, the trial judge sentenced Meshell to ten years in prison.
On appeal, Meshell challenged the constitutionality of his convictions for Counts 1 and 3. Meshell, 980 So.2d at 1171. Specifically, Meshell argued that double jeopardy prohibited his conviction and sentences for these two acts because the record did not reflect a “temporal break” sufficient for him to form a new criminal intent. Id. The Fifth District agreed, holding that its prior opinion in Capron v. State, 948 So.2d 954 (Fla. 5th DCA 2007), along with this Court’s decision in State v. Paul, 934 So.2d 1167 (Fla.2006), requires a “temporal break.” Id. at 1171, 1174. Therefore, the Fifth District reversed Meshell’s conviction as to Count 3. Id.
However, the Fifth District noted that its ruling is inconsistent with well-settled precedent holding that sexual acts prohibited in the sexual battery statute, section 794.011, are distinct criminal acts so that separate convictions for each of the various acts do not violate double jeopardy. Id. at 1172. Distinct acts of sexual battery do not require a “temporal break” between them to constitute separate crimes. Id.
II. NO DOUBLE JEOPARDY VIOLATION BECAUSE DISTINCT ACTS
As the Fifth District noted, in cases of sexual battery, Florida courts have focused on whether the acts forming the basis of the charges are “distinct.” For example, in Duke v. State, 444 So.2d 492, 493 (Fla. 2d DCA), approved, 456 So.2d 893 (Fla.1984), the Second District Court of Appeal reviewed two convictions for attempted sexual battery: one attempted anal penetration and one attempted vaginal penetration. The two attempts occurred within seconds of each other. Id. at 494. The defendant argued that both acts collectively constituted one violation of the statute and that, as a result, double jeopardy barred his two convictions. The Second District, however, disagreed. Id. Upon inspecting the definition of sexual battery in section 794.011, which defines anal and vaginal penetration separately, the Second District found:
As the statute indicates, each act is a sexual battery of a separate character and type which logically requires different elements of proof. Clearly, penetration of the vagina and penetration of the anus are distinct acts necessary to *135 complete each sexual battery. Therefore, notwithstanding the short interval of time involved here, we believe each act is a separate criminal offense.
Id. (emphasis provided). Because the acts were distinct criminal acts, double jeopardy did not bar two convictions.
Similarly, in Begley v. State, 483 So.2d 70, 74 (Fla. 4th DCA 1986), the Fourth District Court of Appeal addressed Beg-ley’s claims that his separate sentences for attempted sexual battery for intercourse, attempted sexual battery for cunnilingus, and sexual battery for fellatio were invalid because the State failed to prove that three sexual acts were separate transactions. The Fourth District ruled that they were separate because each required different elements of proof, quoting section 775.021(4), Florida Statutes (1983), which provides that separate criminal offenses in the course of one criminal transaction or episode are separate criminal offenses. Id.
In Saavedra v. State, 576 So.2d 953, 954 (Fla. 1st DCA 1991), approved, 622 So.2d 952 (Fla.1993), the defendant was convicted of, among other things, three counts of sexual battery. Saavedra argued that double jeopardy precluded separate convictions and sentences because the underlying acts were of the same type and committed against the same victim. Id. at 956. While the First District Court of Appeal ultimately found that sufficient time existed between the acts for Saavedra to form a new criminal intent, the First District also acknowledged the significance of other critical factors:
The sexual battery statute may be violated in multiple, alternative ways, i.e., “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 794.011(l)(g) Fla. Stat. (1987). Sexual battery of a separate character and type requiring different elements of proof warrant multiple punishments. See Duke v. State, 444 So.2d 492 (Fla. 2nd DCA) (vaginal penetration followed a moment later by anal penetration), aff'd, 456 So.2d 893 (Fla.1984); Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986) (cunnilingus followed a few seconds later by vaginal intercourse); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986) (attempted vaginal intercourse, attempted cunnilingus, fellatio, committed over two week period); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980) (oral sex followed by rape). However, the fact that the same victim is sexually battered in the same manner more than once in a criminal episode by the same defendant does not conclusively prohibit multiple punishments. Spatial and temporal aspects are equally as important as distinctions in character and type in determining whether multiple punishments are appropriate.
Id. at 956-57 (emphasis provided) (footnote omitted); see also Gill v. Sec’y, Dep’t of Corrections, No. 8:04-cv-140-T-23MAP, 2008 WL 906647, *27 (M.D.Fla. Mar.31, 2008) (ruling that Florida law did not support petitioner’s argument that double jeopardy was violated because “the alleged placing of Gill’s penis in or in union with [M.H.] ’s vagina and anus during the same time or criminal episode constitutes only an alternative means of committing a single or the same crime” (citing Saavedra, 576 So.2d at 956-57, and Schwenn v. State, 898 So.2d 1130, 1132 (Fla. 4th DCA 2005))).
We agree that sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple pun *136 ishments. See § 775.021(4)(a), Fla. Stat. (2006) (“Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.”) (codification of the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)); see also Paul, 934 So.2d at 1171-72 (“The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’”) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)).
Significantly, the same sexual acts proscribed in the sexual battery statute are also proscribed in the lewd and lascivious battery statute, under which Meshell was charged. Lewd and lascivious battery is defined as, among other things, “sexual activity with a person 12 years of age or older but less than 16 years of age.” § 800.04(4)(a), Fla. Stat. (2006). “Sexual activity,” in turn, means “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 800.04(l)(a), Fla. Stat. (2006). Likewise, “sexual battery” is defined as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 794.011(l)(h), Fla. Stat. (2006); see also Williams v. State, 957 So.2d 595, 599 (Fla.2007) (“The definitions of ‘sexual battery’ in chapter 794 and ‘sexual activity’ in chapter 800 are identical, both described in pertinent part as ‘oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.’ ”). Because the definitions of the proscribed sexual acts are identical, the same double jeopardy analysis for the sexual battery also applies to the lewd and lascivious battery statute.
III. CONCLUSION
We hold that the sex acts proscribed in section 800.04(4) (oral, anal, or vaginal penetration) are of a separate character and type requiring different elements of proof and are, therefore, distinct criminal acts. Thus, punishments for these distinct criminal acts do not violate double jeopardy. Paul, 934 So.2d at 1172 n. 3 (“Of course, if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern.” (citing Hayes v. State, 803 So.2d 695, 700 (Fla.2001))).
Because the oral sex described in Count 3 is a criminal act distinctively different from the vaginal penetration or union in Count 1, there is not a double jeopardy violation. Therefore, we quash the decision of the Fifth District in Meshell and remand with directions to reinstate the convictions and sentences as originally imposed by the trial court.
It is so ordered.
QUINCE, C.J., WELLS, PARIENTE, and LEWIS, JJ., and ANSTEAD, Senior Justice, concur.
CANADY, J., concurs in result only with an opinion.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. See McEnderfer v. Keefe, 921 So.2d 597, 597 n. 1 (Fla.2006) (declining to address issues not directly addressed by the district court).