[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-11588

_____

D. C. Docket No. 06-80550-CV-DTKH

CORNELIO DIAZ,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 19, 2009)**

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner-appellant Cornelio Diaz appeals the district court's denial of his

petition for habeas relief, brought pursuant to 28 U.S.C. § 2254. In this appeal, we

consider whether Diaz's state court sentences violate double jeopardy where Diaz was convicted and sentenced separately for two acts of vaginal sexual battery separated by an intervening act of anal sexual battery. After hearing oral argument and conducting a thorough review of the record, we conclude the multiple sentences do not violate double jeopardy and Diaz is not entitled to habeas relief.

I. Background

Diaz was charged in state court with burglary and four counts of sexual battery. Counts II and IV alleged,[1]

> on or about February 11, 1996 . . . CORNELIO DIAZ did commit sexual battery upon [the victim], a person 12 years of age or older, without [the victim's] consent, by penetrating and/or having union with the vagina of [the victim] with his penis and in the process thereof did not use physical force and violence likely to cause serious injury, contrary to Florida Statute 794.011(5).

According to the testimony at trial, Diaz entered the 63-year-old victim's home at about 4 a.m. on February 11, 1996. He grabbed the victim and the two struggled, during which Diaz placed a plastic bag over the victim's head and stuffed her mouth with clothes and sheets. Diaz dragged the victim into the bedroom by her hair, threw her on the bed, and removed her clothes. He then attempted to penetrate her with his penis. Diaz was only able to touch her vagina

---

[1] Count 1 alleged burglary with assault. Count 3 alleged sexual battery by digital penetration. Count 5 alleged sexual battery by anal penetration. Because Counts 1, 3, and 5 require different elements, they do not constitute double jeopardy violations.

2

with his penis, but was not able to penetrate. The victim testified that, when that "just didn't work," Diaz kissed her vagina and then turned her over and attempted to penetrate her anally with his penis. When he was unsuccessful, Diaz turned the victim over again and attempted to place his penis in her mouth.[2] Because the victim started biting, Diaz abandoned oral sex and again attempted to penetrate her vaginally. Although this time "he got a little further," when Diaz could not complete penetration with his penis, he used his fingers to penetrate. Diaz then fell asleep, enabling the victim to escape and call police.[3] The victim could not say how long the offenses lasted, but the record reflects that the police received an emergency call at about 6 a.m.

Diaz was convicted on all counts and sentenced to 40 years' imprisonment on the burglary count, and 15 years' imprisonment for each sexual battery count, with all sentences to run concurrently. In determining the sentences, the additional sexual battery counts received sentencing points, which increased Diaz's term of imprisonment.

Diaz's convictions were affirmed on direct appeal and in post-conviction motions, but his sentences were overturned and he was resentenced twice. He

---

[2] Diaz was not charged with sexual battery based on oral contact.

[3] Later in her testimony, the victim seemed confused by the sequence of events, testifying that he used his fingers to penetrate before he attempted anal penetration.

ultimately received 25.65 years' imprisonment. Diaz did not challenge his sentences on double jeopardy grounds in his direct appeal or his state post-conviction Rule 3.850 motions. The first time Diaz raised the issue was in a motion to correct an illegal sentence under state Rule 3.800(a),[4] although he did not mention the federal constitution. In that Rule 3.800(a) motion, Diaz argued that the two acts of vaginal penetration were of the same type and were not separated by time or location such that he was able to form a new criminal intent between attempts. The state court denied the Rule 3.800(a) motion without discussion, and the denial was affirmed on appeal. Diaz v. State, 923 So.2d 1179 (Fla. Dist. Ct. App. 2006). Diaz then filed the instant § 2254 petition, alleging, inter alia, that his sentences violate double jeopardy because he is being punished twice for the same offense.

In response, the state argued that the double jeopardy claim was procedurally defaulted because it was improperly raised in the Rule 3.800(a) motion and Diaz would now be barred from raising it in any post-conviction motion. According to the state, the state court rejected the double jeopardy claim on this procedural ground.

_____

[4] Rule 3.800(a) provides, "[a] court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served . . . ."

The magistrate judge recommended denying habeas relief because the state legislature had intended to allow multiple convictions and punishments for separate acts that occurred during a single episode as long as the acts were distinct in character and temporally separate, as was the case in Diaz's offenses. In support, the magistrate judge cited Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Diaz objected to the recommendation, although on grounds not relevant to the issue on appeal. The district court adopted the recommendation, over Diaz's objection, and denied relief. After the district court denied Diaz's application for a certificate of appealability ("COA"), this court granted a COA on the following issue: "Whether the district court erred in concluding that appellant's conviction and sentence did not violate double jeopardy."

II. Standard of Review

Diaz filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. We review de novo the district court's denial of a habeas petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). We review factual findings for clear error and mixed questions of law and fact de novo. Id.

5

A federal court is prohibited from granting habeas relief from a state conviction unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id.; see also Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law."). Indeed, the Supreme Court has instructed that the question is not whether the state "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect. See Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

6

III. Discussion

Before we reach the merits of the double jeopardy claim, we first address the state's argument that Diaz is procedurally barred from raising the issue.

A. procedural bar[5]

Diaz repeatedly expressed his intent to challenge only his sentences on double jeopardy grounds; he does not challenge the convictions themselves. Florida courts have considered double jeopardy challenges to sentences in Rule 3.800(a) motions and denied the claims on the merits. See, e.g., Lago v. State, 965 So.2d 224 (Fla. Dist. Ct. App. 2007), corrected on other grounds by 2008 WL 582546 (Fla. Dist. Ct. App. Mar. 5, 2008); Migdal v. State, 970 So.2d 445 (Fla. Dist. Ct. App. 2007); Ruffin v. State, 947 So.2d 629 (Fla. Dist. Ct. App. 2007) (considering double jeopardy claim in Rule 3.800 motion). But see Coughlin v. State, 932 So.2d 1224 (Fla. Dist. Ct. App. 2006) (holding that "[d]ouble jeopardy challenges to convictions are not cognizable under rule 3.800(a) for two reasons. First, a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction. . . . Second, permitting

---

[5] Although appellate review is limited to issues identified in the COA, Murray v. United States, 145 F.3d 1249, 1250-1251 (11th Cir. 1998), procedural issues that must be resolved before the court can address the underlying claim specified in the COA are presumed to be encompassed in the COA. Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002).

7

defendants to attack their conviction and sentence under rule 3.800(a) would subsume Florida Rule of Criminal Procedure 3.850 into rule 3.800(a), thereby allowing defendants to circumvent rule 3.850's two-year time bar for attacking their convictions and sentences.").

Because the state courts have routinely considered such claims, we decline to conclude that Diaz is procedurally barred from raising the issue. Moreover, we are not convinced that the state court denied Diaz's motion on the procedural ground. Unless the state court "clearly and expressly" relied on state grounds in reaching its decision, procedural default does not apply to bar a federal habeas petition. Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). We now turn to the merits.

B. double jeopardy

The Fifth Amendment to the United States Constitution guarantees that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "That guarantee . . . consist[s] of three separate constitutional protections." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Relevant to the instant case, "it protects against multiple punishments for the same offense." Id.

The Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior, however, when the legislature clearly intends to allow cumulative punishments. Williams v. Singletary, 78 F.3d 1510, 1512-1514 (11th Cir. 1996).

Here, Diaz was convicted of sexual battery under Fla. Stat. § 794.011(5) ("A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree"). This section does not specify legislative intent. Fla. Stat. § 794.011; cf. Capron v. State, 934 So.2d 954 (Fla. Dist. Ct. App. 2007) (noting that Fla. Stat. § 800.04 does not indicate legislative intent). Therefore, we cannot determine from this statute whether multiple punishments would be constitutional.

Because clear legislative intent is lacking, we turn to other portions of the Florida code to determine whether Diaz may be punished cumulatively for two acts that violate the same statutory provision. Under Florida law:

> Whoever, in the course of one criminal transaction or episode, commits an act or acts *which constitute one or more separate criminal offenses*, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

9

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity . . . to determine legislative intent. Exceptions to this rule of construction are: 1. Offenses which require identical elements of proof . . . .

Fla. Stat. § 775.021(4)(a)-(b) (emphasis added).[6]

Florida Statute § 775.021 does not resolve the precise question before us. In this case, we are not dealing with two convictions for the same offense that violates different statutory provisions. Rather, we must determine whether and when a defendant may be punished twice *under the same statute*.

We find § 775.021 instructive on this issue and conclude that under § 775.021(4), if Diaz's two separate attempts of vaginal penetration constituted more than one criminal offense, he could be sentenced separately without running afoul of the double jeopardy clause.

Our review of Florida state law confirms that Diaz's offenses constitute more than one crime. Under Florida law, "[s]exual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or

---

[6] This statute codifies Blockburger's "same-elements" test to determine whether a single criminal incident may be cumulatively punished under separate statutory provisions. State v. Paul, 934 So.2d 1167 (Fla. 2006) ("The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature "intended to authorize separate punishments for the two crimes . . . Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger test, as codified in section 775.021, Florida Statutes (1997), to determine whether separate offenses exist.").

vaginal penetration of another by any other object." Fla. Stat. § 794.011(1)(h). In Saavedra v. State, the state court explained, "The sexual battery statute may be violated in multiple, alternative ways. . . . However, the fact that the same victim is sexually battered in the same manner more than once in a criminal episode by the same defendant does not conclusively prohibit multiple punishments." 576 So.2d 953 (Fla. Dist. Ct. App. 1991) (internal citations omitted). Thus, it appears that, under Florida law, two separate attempts at vaginal penetration, when separated by an intervening attempt at anal penetration, would qualify as two different sexual batteries. Accordingly, under Florida law, the court could impose multiple sentences for such offenses. But see Gisi v. State, 909 So.2d 531 (Fla. Dist. Ct. App. 2005) (reversing convictions and sentences for eight counts of handling and fondling because in each episode, the handling and fondling was foreplay preceding the intercourse, and each episode was a continuous course of conduct without a break in time or a change in location).

Because there was a disagreement among the Florida courts of appeals, the Florida Supreme Court recently addressed the question of whether multiple convictions under Fla. Stat. Ann. § 794.011 and 800.04(4) are distinct criminal acts for purposes of double jeopardy. See State v. Meshell, 2009 WL 137514 (Fla. Jan. 22, 2009). In Meshell, the defendant engaged in several distinct sexual acts with a

11

minor during one criminal episode. He was convicted of vaginal penetration and oral sex. On appeal, Meshell argued that double jeopardy prohibited the two convictions because there was no "temporal break" between the acts sufficient for him to form new criminal intent. Although the state court of appeals agreed and concluded that a temporal break was required, because there was a split among the Florida courts of appeals, the court certified the question to the Florida Supreme Court. Id. at *1-2. Upon review, the Florida Supreme Court disagreed, finding that the two acts were distinct and required different elements of proof, and thus the Florida legislature intended multiple punishments. Id. at *3. Considering the facts of Meshell's offenses, the Florida Supreme Court concluded that sexual intercourse and oral sex were two distinct acts "of a separate character and type requiring different elements of proof." Id. at *4. The court also noted that "spatial and temporal aspects are equally as important as distinctions in character and type in determining whether multiple punishments are appropriate." Id. at *3 (citing Saavedra, 576 So.2d at 956-57).

We recognize that the Meshell decision is not directly on point; it is, however, instructive on the issue of whether two counts of the same conduct may be punished separately. We find support for this position in Meshell's concurring opinion, in which one justice noted that the decision should not be read to deny

12

that "separate instances of the same type of criminal sex act in a single episode may be punishable as separate offenses." Id. at *4 (Canady, J. concurring).

The Florida legislature instructs that we must consider whether the offenses constitute more than one crime even if they occur in the same criminal episode; if more than one instance of the same type of conduct occurs, the instances may be punished separately only if the offenses constitute more than one crime. See Fla. Stat Ann. § 775.021(4). We conclude that Diaz's conduct qualifies as more than one criminal offense. Relevant to this determination are the "spatial and temporal aspects" as well as "distinctions in character and type." Saavedra, 576 So.2d 957. Thus, the fact that the two offenses involve the same elements is not dispositive. The temporal break - turning the victim over and attempting oral sex and anal penetration - enabled Diaz to form new criminal intent to engage in vaginal penetration. And although we recognize that the offenses occurred over a short period of time, we conclude that the intervening anal and oral sexual acts provided a sufficient temporal break to establish more than one crime. When Diaz was unsuccessful in his first attempt at vaginal penetration, he abandoned that crime and instead tried anal penetration. By doing so, he formed a new intent to commit the separate offense of anal penetration. When this also proved unsuccessful, Diaz again abandoned his crime and reformed his intent to commit vaginal penetration.

13

This abandonment of intent creates the temporal break necessary to place these two acts of vaginal penetration into distinct offenses.

Because the legislature has confirmed that multiple punishment is authorized where the two offenses constitute separate crimes, we cannot say that the state court's decision is contrary to federal law. Moreover, a conclusion is not contrary to federal law if no Supreme Court precedent is on point. Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

Nor can we say that the decision is an unreasonable application of federal law. The Supreme Court confirms that multiple punishments are permissible when expressly authorized by the state legislature. Ohio v. Johnson, 467 U.S. 493, 499 n. 8, 104 S.Ct. 2536, 2541 n. 8, 81 L.Ed.2d 425 (1984) ("[e]ven if the crimes are the same under Blockburger, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end."). Here, the Florida legislature and now the Florida Supreme Court have confirmed that multiple punishments can be imposed for the same conduct as long as that conduct resulted from more than one criminal offense.

Therefore, because the state court's interpretation is consistent with and a reasonable application of federal law, Diaz was not entitled to habeas relief.

**AFFIRMED.**

14