MONACO, J.
The appellant, J.M., appeals a disposition order entered at the conclusion of a delinquency procedure. The trial court found that J.M. had committed six offenses growing out of an incident on a school bus, two of which involved lewd or lascivious conduct with respect to a person designated V.R. J.M. argues on appeal that the convictions for these two counts violate double jeopardy. We agree, as did the trial judge.
The problem is that although J.M. timely filed a motion to correct the disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), the trial court did not act on the order for forty days. When the trial court did attempt to take action, it agreed with J.M.’s double jeopardy argument. Unfortunately, rule 8.135(b)(1)(B) requires the trial court to “file an order ruling on the motion” within 30 days, failing which “the motion shall be deemed denied.” Thus, although the trial court attempted to grant the motion, it was denied by virtue of the passage of time.
We, of course, reverse. The touching involved the same victim and both incidents occurred sequentially on the school bus. We agree with the final (albeit ineffectual) conclusion of the trial judge that there was no meaningful spatial or temporal break during which J.M. could pause, reflect and form a new criminal intent. Compare King v. State, 834 So.2d 311 (Fla. 5th DCA 2003), with Newell v. State, 935 So.2d 83 (Fla. 5th DCA 2006).[1]
Accordingly, we reverse the disposition order and remand to the trial court with instructions to vacate one of the lewd or lascivious conduct convictions related to the victim V.R., and to resentence J.M.
REVERSED and REMANDED with INSTRUCTIONS.
GRIFFIN and COHEN, JJ., concur.

. We are cognizant of the recent decision of the Florida Supreme Court in Meshell v. State, 980 So.2d 1169 (Fla. 5th DCA 2008), decision quashed, 2 So.3d 132 (Fla.2009), which found that for crimes of lewd or lascivious batter)', section 800.04(4), Florida Statutes (2006), these could be of a separate character and type requiring different elements of proof. Under our facts, however, and section 800.04(6)(c), Florida Statutes (2006), the illegal conduct does not involve "sexual activity.” With only one exception, not relevant to this appeal, lewd or lascivious conduct only requires the intentional touching of someone under age 16 in a lewd and lascivious manner without regard to where the victim is touched.