23 So.3d 129 (2009)
Michael L. FRANK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D09-960.
District Court of Appeal of Florida, Fifth District.
August 28, 2009.
Michael L. Frank, Bristol, pro se.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The Appellant, Michael Frank ["Frank"], appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion in which he asserted four interrelated claims involving the statute of limitations and two claims relating to his competency. Frank's competency claims are refuted by the record and that portion of the appealed order is affirmed. We find, however, that the record does not conclusively refute the statute of limitations claims and these claims must be remanded for an evidentiary hearing.
The Hernando County Sheriff's Office Arrest Affidavit/First Appearance form, dated September 28, 2007, reflects that Frank was arrested on two charges: one count of capital sexual battery under section 794.011, Florida Statutes, and one count of Lewd and Lascivious Molestation *130 under section 800.04, Florida Statutes. The attached Probable Cause Affidavit of Detective Swarz references a narrative report from 2003 and describes the two charged offenses, which were alleged to have occurred between January 1, 2003, and July 27, 2003.
Count I concerned a four-year-old male victim and alleged that Frank had inserted his penis into the victim's mouth and had allowed the victim to perform oral sex on him in violation of section 794.011. Count II involved a five-year-old female victim and charged that Frank had fondled the child's genitals with his finger. The affidavit reported that Swarz had interviewed Frank on September 28, 2007, and that he had admitted that the male child had performed oral sex on him. The affidavit also reported that both the victim and a witness had said that Frank performed oral sex on this victim. Frank also admitted the fondling incident with the female child.
Frank was charged in a two-count information on October 29, 2007. Both counts charged lewd and lascivious molestation under section 800.04(5)(a) & (b), Florida Statutes. Count I pertained to the male victim; Count II applied to the female victim. These are first-degree felony offenses.
In February 2008, Frank entered into a plea agreement with the State. The agreement listed the two offenses contained in the information, reciting that each was punishable by a life sentence. Under the plea agreement, Frank agreed to plead guilty to one count of lewd/lascivious conduct under section 800.04(6)(a) Florida Statutes, a second-degree felony, and receive a sentence of forty-two months in the Department of Corrections and five years of sex offender probation. Based on the plea agreement, Frank was thereafter adjudged guilty on Count I and sentenced according to the agreement. He did not appeal.
Frank now seeks relief from the judgment and sentence on the ground that the statute of limitations on the first-degree felony offenses with which he was charged expired before he was charged. The statute of limitations for a first-degree felony is four years, but when the victim is under eighteen years of age, the statute of limitations for a violation of section 800.04(5) is four years from when the victim reached the age of eighteen or when the violation was reported to a law enforcement agency, whichever occurs earlier. See §§ 775.15(2)(a) & (7)a., Fla. Stat. (2003). The information in this case was filed on October 30, 2007, and alleged the crimes occurred between January 1, 2003 and July 28, 2003. Frank asserts the offenses with which he was charged were first reported to a law enforcement agency in July and August 2003, but were considered by the police to be unfounded. Therefore, because the information was filed more than four years after the crimes occurred and the date a law enforcement agency was notified, the statute of limitations bars his prosecution.
The crux of Frank's statute of limitations claims is that his counsel was ineffective for failing to inform him of the defense or have the charges dismissed. The trial court summarily denied Frank's claims by relying on the September 28, 2007, reporting date in the Arrest Affidavit/First Appearance form contained in the record. However, that document is insufficient to establish that the offenses with which he was charged in 2007 were not first reported more than four years earlier in 2003. Moreover, in his motion for rehearing, Frank attached copies of the 2003 reports on which he relied and these do demonstrate that one or more sex offenses perpetrated on these two victims by Frank *131 were investigated by the Hernando County Sheriff's Office in July and August 2003. It is impossible to ascertain from the record before us, however, how many criminal episodes there were in 2003, or how many crimes Frank committed against the two victims involved in this case during each criminal episode. See State v. Meshell, 2 So.3d 132 (Fla.2009). We also cannot determine which crimes were reported in 2003, how many were reported, and whether the 2003 reported crimes match up with the crimes charged in 2007. An evidentiary hearing will be required to sort this out.
REVERSED and REMANDED.
LAWSON and EVANDER, JJ., concur.
GRIFFIN, J., concurs and concurs specially, with opinion.
GRIFFIN, concurring specially.
Another of the matters unclear from this record is the reason why Frank was charged with a first-degree felony in Count I instead of a capital sexual battery, the crime for which he was arrested. Based on the evidence contained in the Probable Cause Affidavit, including Frank's own admissions, such a charge, or charges,[1] appear to have been available. See § 794.011(2)(a), Fla. Stat. (2003); Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986). For such a charge, there is no statute of limitations. § 775.15(1)(a), Fla. Stat. (2003). If Frank succeeds in having his plea and conviction on the second-degree felony set aside, he might find himself facing substantially greater exposure. His counsel may have recognized a good deal when he saw one.
NOTES
[1] See State v. Meshell, 2 So.3d 132 (Fla.2009).