27 So.3d 774 (2010)
A.R., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-5250.
District Court of Appeal of Florida, Second District.
February 12, 2010.
*775 James Marion Moorman, Public Defender, and Matthew D. Bernstein, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sara Macks, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
A.R., a juvenile, appeals the order adjudicating him delinquent for aggravated assault, trespass, and disorderly conduct and committing him to a high-risk residential facility. We affirm his adjudication and disposition without comment, but reverse the original commitment order and remand for further proceedings.
The original order of commitment adjudicated A.R. delinquent and committed him to the Department of Juvenile Justice for offenses committed in two separate cases. On April 20, 2009, A.R. filed a motion to correct disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2). In his motion, A.R. argued that the trial court erred in not entering separate disposition orders as to each offense. On June 17, 2009, the trial court entered amended orders of commitment reflecting A.R.'s delinquency adjudication and commitment for aggravated assault and trespass in circuit court case number 08-CJ-001446 and disorderly conduct in circuit court case number 08-CJ-001659. However, because the trial court did not enter its amended orders until more than thirty days after A.R.'s rule 8.135(b)(2) motion was filed, the amended orders are nullities. See O.H. v. State, 948 So.2d 79 (Fla. 2d DCA 2007) (holding that an order granting relief on a motion to correct disposition error entered more than thirty days after the motion was filed is a nullity); J.M. v. State, 4 So.3d 703, 704 (Fla. 5th DCA 2009) ("[R]ule 8.135(b)(1)(B) requires the trial court to `file an order ruling on the motion' within 30 days, failing which `the motion shall be deemed denied.'"). Accordingly, we reverse the original disposition order and remand to the trial court for entry of new disposition orders as to each case. See Fla. R. Juv. P. 8.115(c) (providing that "[e]ach case requires a separate disposition order").
Affirmed in part, reversed in part, and remanded with instructions.
VILLANTI and KHOUZAM, JJ., Concur.