PER CURIAM.
 

 The State of Florida appeals the downward departure jail and probationary sentence imposed on Desmond L. Swilley, following his plea to a third degree felony grand theft charge. Based upon his extensive prior criminal record of nine prior felony convictions and even more prior misdemeanors, Swilley scored 34.35 months in prison as a minimum legal sentence on his criminal punishment score-sheet. Following an off-the-record discussion with the prosecutor and defense counsel, the trial court departed downward, explaining that a prison sentence seemed “unreasonable” given the nature of the crime. The trial judge also discussed the need for restitution, but never clearly identified this as a justification for the departure sentence. Although the State made it clear, for the record, that it would not offer a departure sentence as part of a negotiated plea, the State never
 
 *823
 
 objected to the court’s imposition of a departure sentence. Rather, the prosecutor told the judge that if she “would like to mitigate, that’s on you, that’s not from the State.” Accordingly, we find that the issue was not preserved for appellate review, and affirm.
 
 See State v. Colbert,
 
 968 So.2d 1043 (Fla. 5th DCA 2007) (holding that to successfully challenge a departure sentence on appeal the state must properly preserve the issue by objection during the sentencing hearing).
 

 AFFIRMED.
 

 PALMER, LAWSON, and JACOBUS, JJ., concur.