SCHWARTZ, Senior Judge.
 

 The defendant appeals convictions and sentences for two counts of lewd and lascivious molestation of a child twelve to sixteen years of age under Section 800.4(5)(c)(2), Florida Statutes, (Counts I and II), and one count of lewd and lascivious molestation of a child less than twelve years old (Count IV)- The victim alleged in Counts I and II was a thirteen-year-old friend of his daughter who was a guest in the defendant’s home; the one in Count IV was the daughter, who was eight years old.
 
 [1]
 

 I.
 

 The first issue presented claims the right to a mistrial, continuance, and a new trial on all counts because, after the State’s case, in which the defendant’s daughter had been the primary witness against him, it was first revealed by the prosecution that she had made unresolved similar accusations against three other persons. We reject this argument both because (1) inasmuch as appellant failed to secure a specific ruling on the issue, the point was not properly preserved, see
 
 LeRetilley v. Harris,
 
 354 So.2d 1213 (Fla. 4th DCA 1978), and (2) more importantly, under
 
 Pantoja v. State,
 
 59 So.3d 1092, 1100 (Fla.2011), in which the supreme court held that in the absence of an adverse adjudication on these claims, which did not occur here, mere accusations of similar abuse against others by a State witness were inadmissible, the argument was unavailing on its merits.
 

 
 *562
 
 II.
 

 We do agree with Manetta that double jeopardy bars the entry of two judgments and sentences on Counts I and II. This is because Counts I and II were identical in every respect
 
 [2]
 
 ; and thus did not so much as allege separate acts which might form the basis of separate judgments even if it were permitted under the law. See
 
 Partch v. State,
 
 43 So.3d 758, 761-62 (Fla. 1st DCA 2010) (applying double jeopardy where “neither the charging information nor the jury verdict form included language clearly predicating the dispute charges on two distinct acts. The ambiguous wording of the charging information and the jury verdict makes it impossible for this court to know if the jury convicted the appellant for one act of sexual battery or two distinct acts”). There can be no question that two convictions for the same crime constitute a violation of the constitutional guarantee against double jeopardy in its starkest form. See
 
 Lippman v. State,
 
 633 So.2d 1061 (Fla.1994).
 
 [3]
 

 Accordingly, the judgments and sentences as to Counts I and IV are affirmed; the judgment and sentence as to Count II are vacated.
 

 Affirmed in part; vacated in part.
 

 [1]
 

 . Mr. Manetta was found not guilty as to Count III, which concerned another eleven-year-old girl.
 

 [2]
 

 . Both Count I and Count II state: “Charles A. Manetta, on or about September 09, 2005, in the County and State aforesaid, being a person of the age of (18) years or older, did unlawfully and intentionally touch the breasts, genitals, genital area, or buttocks, or the clothing covering the breasts, genitals, genital area, or buttocks, of D.M.(a minor), a person 12 years of age or older, but less than 16 years of age, in violation of s.800.04(5)(c)2, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.”
 

 [3]
 

 . We do not reach the issue debated by the parties as to the applicability of
 
 State v. Meshell,
 
 2 So.3d 132 (Fla.2009), which permits multiple charges alleging separate, but closely related acts of sexual abuse under section 800.4(l)(a), Florida Statute, to the present prosecutions under section 800.4(5)(c). But cf.
 
 Brown v. State,
 
 25 So.3d 78 (Fla. 2d DCA 2009);
 
 J.M. v. State,
 
 4 So.3d 703 (Fla. 5th DCA 2009);
 
 Cabanela v. State,
 
 871 So.2d 279 (Fla. 3d DCA 2004).