PER CURIAM.
The State seeks review of the trial court’s downward departure sentence arguing that the downward departure sentence given Carlos Stephens, appellee, is contrary to section 921.0026(1), Florida Statutes (2011) (“A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure.”).
Although below the State argued in opposition to the appellee’s motion for a downward departure sentence, the State did not enter an objection to the downward departure sentence. When the State has failed to enter an objection, general or otherwise, to a downward departure sentence, Florida courts have found the issue unpreserved for appellate review. See State v. Swilley, 73 So.3d 822, 822-23 (Fla. 5th DCA 2011) (finding assertion of error in downward departure sentence was not preserved for appellate review where the State never objected to imposition of the downward departure sentence); see also Douglas v. State, 913 So.2d 1234, 1237 (Fla. 3d DCA 2005) (appellate court declined to review claim of error in downward departure sentence because issue was unpreserved when the State neither objected to downward departure at sentencing, nor filed a Rule 3.800(b) motion to correct sentence).
Accordingly, we find any error here was not preserved for appellate review and AFFIRM.
VAN NORTWICK, and MARSTILLER, JJ., concur, ROWE, J„ concurs in result.