IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

ADREA VERNIQUE WILEY,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-858

_____/

Opinion filed November 19, 2015.

An appeal from the Circuit Court for Escambia County.
Terry Terrell, Judge.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney
General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public
Defender, Tallahassee, for Appellee.

PER CURIAM.

      Appellee pled no contest to multiple offenses arising out of a "road rage"

incident that started when she and the victim exchanged words in a Whataburger

drive-thru line. The trial court adjudicated Appellee guilty and imposed a downward departure sentence pursuant to section 921.0026(2)(d), Florida Statutes (2013), finding that Appellee required and was amenable to specialized treatment for her bipolar disorder. The State appeals, challenging the trial court's decision to impose a downward departure sentence. We affirm because the issue raised on appeal was not properly preserved below.

At the sentencing hearing, the prosecutor argued against a downward departure sentence, both generally[1] and with specificity.[2] Although the prosecutor's argument clearly put the trial court on notice of the State's opposition to a downward departure sentence, it was not sufficient under this court's precedent to preserve the issue for appellate review because the prosecutor did not also object to the sentence

---

[1] The prosecutor generally asserted that "[t]here is not sufficient evidence to justify any departure."

[2] The prosecutor specifically addressed both steps required for a departure sentence under Banks v. State, 732 So. 2d 1065 (Fla. 1999). As to step 1 (whether there was a valid legal ground on which the trial court **could** depart), the prosecutor argued that "[t]he evidence is that [Appellee's] specialized treatment is nothing more than taking her prescription, and I don't believe . . . that is the type of specialized treatment that [section 921.0026(2)(d)] is designed to address." And, as to step 2 (whether the trial court **should** depart), the prosecutor argued that the court should not do so because

> in this case, we're talking about a defendant with a lengthy criminal record, who's been to prison twice before, who made numerous decisions leading up to this event and the day of this event. It could have ended a lot differently, a lot worse for [the victim]. Luckily it didn't [because] she fought [Appellee] off . . . .

2

after it was imposed. See State v. Stephens, 128 So. 3d 209 (Fla. 1st DCA 2013) ("Although below the State argued in opposition to the appellee's motion for a downward departure sentence, the State did not enter an objection to the downward departure sentence. When the State has failed to enter an objection, general or otherwise, to a downward departure sentence, Florida courts have found the issue unpreserved for appellate review."). Accordingly, we are compelled to affirm.

In reaching this decision, we have not overlooked the two[3] cases – State v. Walker, 923 So. 2d 1262 (Fla. 1st DCA 2006), and State v. Ayers, 901 So. 2d 942 (Fla. 2d DCA 2005) – relied on by the State for the proposition that the issue raised on appeal was properly preserved despite the prosecutor's failure to object after the sentence was imposed because it is clear from the record that the State was opposed to a downward departure. We distinguish Walker because in addition to arguing against a downward departure, the prosecutor in that case objected to the departure sentence after it was imposed by the trial court. See 923 So. 2d at 1264 ("Following the trial court's pronouncement of sentence, the State levied a general objection

---

[3] The State also cited State v. Colbert, 968 So. 2d 1043 (Fla. 5th DCA 2007), but in that case the court held that the State's challenge to a downward departure sentence was not preserved for appellate review because the prosecutor only made a general "for the record" objection to the sentence. See also State v. Hamner, 816 So. 2d 810, 812 (Fla. 5th DCA 2002) (affirming downward departure sentence because although the prosecutor opposed reinstatement of the defendant's probation and urged that he be given a guidelines sentence, the prosecutor did not object to the non-guidelines sentence after it was imposed).

stating, '[a]nd, Your Honor, for the record, the State would object to the downward departure.'") (alteration in original). And, because we are bound by Stephens, we certify conflict with Ayers to the extent it stands for the proposition that the prosecutor's assertion that "I don't see a legal reason to depart from the sentence in this matter" is sufficient to allow the State to challenge a downward departure sentence on appeal even though the prosecutor did not also object after the sentence was imposed. See 901 So. 2d at 944 (holding that this sole comment, made before the trial court imposed the sentence, was sufficient to preserve the issue for appellate review because the comment "made clear that the State sought imposition of a nondeparture sentence because there was no legal reason justifying a downward departure").

AFFIRMED; CONFLICT CERTIFIED.

WETHERELL, ROWE, and RAY, JJ., CONCUR.