# Supreme Court of Florida

_____

No. SC15-2389
_____

**STATE OF FLORIDA**,
Petitioner,

vs.

**ADREA VERNIQUE WILEY**,
Respondent.

[February 9, 2017]

POLSTON, J.

In State v. Wiley, 179 So. 3d 481 (Fla. 1st DCA 2015), the First District Court of Appeal certified conflict with State v. Ayers, 901 So. 2d 942 (Fla. 2d DCA 2005), regarding whether the State must object to a downward departure sentence after it is imposed to preserve the issue for appellate review where the State had argued in opposition immediately before the sentence was imposed and during the same sentencing hearing.[1]  For the reasons explained below, we hold

_____

1.  We have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.

that apprising the trial court of the State's opposition during the same proceeding is sufficient to preserve the issue as to the legal grounds argued.

## I. Background

In Wiley, 179 So. 3d at 482, the First District affirmed the trial court's decision to impose a downward departure sentence, ruling that the State failed to preserve the issue for appeal even though the State argued in opposition during the same proceeding in which the sentence was imposed. The First District explained the facts as follows:

> [Wiley] pled no contest to multiple offenses arising out of a "road rage" incident that started when she and the victim exchanged words in a Whataburger drive-thru line. The trial court adjudicated [Wiley] guilty and imposed a downward departure sentence pursuant to section 921.0026(2)(d), Florida Statutes (2013), finding that [Wiley] required and was amenable to specialized treatment for her bipolar disorder.

Id. at 481-82.

"At the sentencing hearing, the prosecutor argued against a downward departure sentence, both generally and with specificity." Id. at 482 (footnote omitted). However, relying on its decision in State v. Stephens, 128 So. 3d 209 (Fla. 1st DCA 2013), the First District ruled that, "[a]lthough the prosecutor's argument clearly put the trial court on notice of the State's opposition to a downward departure sentence, it was not sufficient . . . to preserve the issue for

appellate review because the prosecutor did not also object to the sentence after it was imposed." 179 So. 3d at 482.

Additionally, the First District in Wiley certified conflict with the Second District's decision in Ayers. Id. at 483. In Ayers, 901 So. 2d at 944, the Second District held that the State's objection to a downward departure at the sentencing hearing that "I don't see a legal reason to depart" was sufficient to preserve the issue for appellate review. The Second District explained that "[t]he State's objection made clear that the State sought imposition of a nondeparture sentence because there was no legal reason justifying a downward departure." Id.

## II. Analysis

In Harrell v. State, 894 So. 2d 935, 940 (Fla. 2005) (emphasis omitted), this Court "stated that proper preservation entails three components[:]"

> First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, "[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982) (emphasis added); accord Rodriguez v. State, 609 So. 2d 493, 499 (Fla. 1992) (stating that "the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal").

"The purpose of this rule is to 'place[ ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of

the proceedings.' " Id. (alterations in original) (quoting Castor v. State, 365 So. 2d 701, 703 (Fla. 1978)).

Similarly, section 924.051(3), Florida Statutes (2014), provides that "[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." And section 924.051(1)(b), Florida Statutes (2014), explains that " '[p]reserved' means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor."

In this case, at the sentencing hearing, the State clearly expressed its objection to a downward departure sentence for Wiley as well as the legal grounds for its objection. "The prosecutor generally asserted that '[t]here is not sufficient evidence to justify any departure.' " Wiley, 179 So. 3d at 482 n.1 (quoting sentencing hearing transcript). Then, "[t]he prosecutor specifically addressed both steps required for a departure sentence under Banks v. State, 732 So. 2d 1065 (Fla. 1999)[:]"

> As to step 1 (whether there was a valid legal ground on which the trial court could depart), the prosecutor argued that "[t]he evidence is that [Wiley's] specialized treatment is nothing more than taking her prescription, and I don't believe . . . that is the type of specialized treatment that [section 921.0026(2)(d)] is designed to address." And,

as to step 2 (whether the trial court should depart), the prosecutor argued that the court should not do so because

> in this case, we're talking about a defendant with a lengthy criminal record, who's been to prison twice before, who made numerous decisions leading up to this event and the day of this event. It could have ended a lot differently, a lot worse for [the victim]. Luckily it didn't [because] she fought [Wiley] off. . . .

Id. at 482 n.2 (emphasis omitted) (quoting sentencing hearing transcript).

Because the prosecutor timely objected to the imposition of a downward departure sentence at the same proceeding in which Wiley was sentenced and stated the legal grounds for the objection, the issue was properly preserved for appellate review as to the legal grounds asserted. See Harrell, 894 So. 2d at 940; see also State v. Murray, 161 So. 3d 1287, 1289 (Fla. 4th DCA 2015).

### III. Conclusion

The State's timely opposition to Wiley's downward departure during the same proceeding in which the sentence was imposed fairly apprised the trial court of the State's objection as to the legal grounds asserted. Accordingly, the issue was preserved, and we quash the First District's decision in Wiley and approve the Second District's decision in Ayers.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and CANADY, JJ., concur.
LAWSON, J., did not participate.

- 5 -

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D15-858

(Escambia County)

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, Florida,

for Petitioner

Clinton Andrew Thomas, Public Defender, and Steven Lauren Seliger, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Respondent