# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-637 & 3D15-733
Lower Tribunal No. 12-28472

_____

**Alain Brugal,**

Appellant/Cross-Appellee,

vs.

**The State of Florida,**

Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee/cross-appellant.

Before LAGOA, SALTER and EMAS, JJ.

SALTER, J.

In these consolidated appeals, defendant Alain Brugal appeals a final judgment of conviction and sentence for one count of lewd and lascivious battery, and for one count of lewd and lascivious molestation, of a victim under 16 years of age (Case No. 3D15-637). The State appeals the trial court's post-verdict judgment of acquittal as to another six such counts (Case No. 3D15-733). For the reasons which follow, we affirm Brugal's judgment of conviction on Counts 1 and 6 of the information and jury verdict; we reverse the trial court's post-verdict judgment of acquittal as to Counts 2, 3, 4, 5, and 7; and we affirm the court's post-verdict judgment of acquittal as to Count 8 on grounds other than those described in open court. We remand the case for the entry of an amended judgment and for resentencing.

I.    Proceedings in the Trial Court

A.    Information vs. Incidents

In December 2012, the State filed an information alleging that Brugal committed: five acts of lewd and lascivious battery upon victim A.D., a child over 12 but under 16 years of age, in violation of section 800.04, Florida Statutes (2012); and three acts of lewd and lascivious molestation of A.D., in violation of section 800.04(5)(c)2, Florida Statutes (2012). Each of the five lewd and lascivious battery counts alleged that the violation occurred between April 1, 2011, and May 31, 2011, but did not identify a specific date or dates unique to that count.

Each of the three lewd and lascivious molestation counts alleged that the violation occurred between April 1, 2011, and April 30, 2011, but did not identify a specific date or dates unique to that count.

The defense did not move for a statement of particulars under Florida Rule of Criminal Procedure 3.140(n):

> (n) Statement of Particulars. The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.

B.    Trial

At trial, the victim's testimony described eight separate incidents, though not in the order of the counts in the information, in which Brugal (her stepfather at the time) allegedly committed the criminal acts. She did not tie each incident to a specific calendar date charged by the information, but she did recall unique circumstances that separately identified each incident in her memory, and she testified that each occurred on a separate day during the interval specified in the information.

The first incident (Count 1) occurred when the victim's mother was out of town on a trip to Atlanta. The victim recalled that Brugal, after telling her what he

intended to do and procuring condoms from a drugstore, forcibly engaged in penile-vaginal sex with her in the master bedroom of the family's home. She testified that she did not tell her mother or report the incident to the police because Brugal told her that she had to "take it to the grave," and she was afraid of him. She testified (over objection) that Brugal had a gun on the bedpost of the bed where he committed the first incident.

The second incident (Count 2) occurred a day after Brugal and the victim went to a restaurant. This time Brugal directed the victim to engage in penile-vaginal sex but he did not wear a condom. During that incident, he also had her perform oral sex on him. The third incident (Count 6) occurred "a couple of days after my mom came back," the victim testified. While her mother was out of the house, Brugal performed oral sex on the victim until her younger sister knocked on the bedroom door.

This testimony, and the victim's further testimony regarding the other five incidents,[1] included sufficient details to prove a temporal break and discrete criminal acts during the chronological periods bracketed in the information. Count 8 requires additional consideration, however. Count 8 was the last of the three

---

[1] The victim recalled additional separate incidents: one occurred during her menstrual period; other incidents on separate days because Brugal would not let her leave the house to see her boyfriend until she provided vaginal and oral sex; another because Brugal was watching pornography on a laptop computer when he summoned her; and another incident after she told her best friend.

lewd and lascivious molestation claims. It was the sixth of the eight incidents she described. Her description of that incident was that Brugal forced her to perform oral sex on him, but the description omitted allegations that Brugal touched her "breasts, genitals, genital area, or buttocks, or the clothing covering them," the definition of lewd and lascivious molestation, section 800.05(a), as alleged in Count 8. The proof related to lewd and lascivious battery rather than the crime charged in the information.

The pertinent part of the jury instruction pertaining to lewd and lascivious molestation was approved by the defense, State, and court:

> To prove the crime of Lewd or Lascivious Molestation, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. A.D. was 12 years of age or older but less than 16 years of age.
>
> 2. ALAIN BRUGAL, in a lewd or lascivious manner, intentionally touched the breasts, genitals, genital area, buttocks, clothing covering the breasts, clothing covering the genitals, clothing covering the genital area, clothing covering the buttocks of A.D.
>
> 3. ALAIN BRUGAL was 18 years of age or older at the time of the offense.

This instruction omitted the alternative provision within section 800.05(a), "or forces or entices a person under 16 years of age to so touch the perpetrator," which would have conformed to the testimony regarding Count 8 and Brugal's act of forcing the victim to touch her mouth to Brugal's penis. That alternative

5

provision within section 800.05(a) was also omitted from the charge in Count 8 of the information.

The jury convicted Brugal on all eight counts.

### C. The Judgment of Acquittal

Following the trial and jury verdict, the defense moved for a new trial and renewed its motion for a judgment of acquittal. The court denied the motion for a new trial. In the motion for a judgment of acquittal, the defense argued that double jeopardy barred the separately charged offenses because the charges within the information alleged identical conduct during an undifferentiated time period, and the jury's verdict did not clearly predicate the convictions on distinct acts or criminal episodes. The trial court granted the motion for a judgment of acquittal on four of the five identically-worded counts in the information regarding lewd and lascivious battery (Counts 2 through 5), and two of the three counts in the information regarding lewd and lascivious molestation (Counts 7 and 8 of the information). In doing so, the trial court relied upon this Court's opinion in Manetta v. State, 81 So. 3d 560, 562 (Fla. 3d DCA 2012). Manetta vacated a conviction for the second of two identically-worded counts in the charging information where neither the information nor the jury verdict form identified separate acts that might be the subject of separate judgments, and the alleged acts occurred on a single day.

6

II.    Analysis

A.    Appeal by Brugal (Case No. 3D15-637)

Brugal raises two issues in his appeal from the conviction and judgment. First, he argues that the defense's timely objection to the victim's testimony regarding Brugal's gun on the bedpost (during the first episode) should have been granted, as that testimony was irrelevant and highly prejudicial. We review the trial court's ruling on this evidentiary point for "a clear abuse of discretion." Ray v. State, 755 So. 2d 604, 610 (Fla. 2000). We find no abuse of discretion, as the testimony pertained directly to the victim's subjective fear and her delay in disclosing the first criminal episode, and later episodes to her mother or law enforcement.

Brugal's second point on appeal is that the written judgment of conviction on all eight counts (entered before the judgment of acquittal on six of those eight counts) must be remanded for correction to reflect convictions on counts 1 and 6 only. Our ruling on the State's appeal, which follows, renders this issue moot in substantial part, as we are vacating the judgment of acquittal as to counts 2 through 5 and count 7.

## B. Appeal by the State (Case No. 3D15-733)

The State's appeal makes a single claim of error, asserting that the post-verdict motion for a judgment of acquittal was improperly granted as to counts 2 through 5 and as to counts 7 and 8. We review de novo the judgment of acquittal based on double jeopardy. Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006).

Close consideration of Manetta and the cases cited in that opinion discloses that in each the charging document identified a single date and, arguably, a single criminal episode. In Manetta, the two counts were "identical in every respect," including the allegation that each criminal act occurred on the same day. 81 So. 3d at 562.

In Cabanela v. State, 871 So. 2d 279 (Fla. 3d DCA 2004), cited in Manetta, four counts of lewd assault were alleged to have occurred on a single day. In a post-conviction motion, Cabanela argued that "his multiple sentences for four convictions violated double jeopardy where they all arose from one criminal episode." Id. at 280. This Court agreed, holding that "double jeopardy considerations preclude multiple convictions and sentences for lewd and lascivious behavior which arise out of a single criminal episode where there is no significant spatial and/or temporal break in the episode. In the instant case, it is clear to us that all of the acts for which Cabanela was charged, convicted, and sentenced arose

8

of a single criminal episode which the victim agreed occurred in a short period of time." Id. at 282.

The analytic test, initially addressed by the Fourth District in Eaddy v. State, 789 So. 2d 1093, 1095 (Fla. 4th DCA 2001), was quoted and relied upon by this Court in Cabanela, 871 So. 2d at 281:

> In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.

Returning to the present case, the evidence presented at trial (and reiterated by the prosecution in closing argument) established spatial and temporal distinctions among the criminal acts, identifying them by unique occurrences within a bracketed time span (not on the same, single day as in Manetta and Cabanela). This record included competent, substantial evidence that Brugal had sufficient time to pause, reflect, and form a new criminal intent between the occurrences.

### C. Count 8

In response to the State's appeal seeking reversal of the judgment of acquittal as to Count 8, Brugal argues that the trial court properly dismissed Count 8 on sufficiency of the evidence grounds. Brugal maintains, and following our review of the trial testimony we agree, that the prosecution established that Brugal

touched the victim's mouth, but not her "breast, genital, genital area, or buttocks, or the clothing covering the breasts, genitals, genital area, or buttocks" as required by section 800.04(5)(a) and the allegations in Count 8 of the information. We thus affirm the trial court's judgment of acquittal as to Count 8.

III.    Conclusion

We find no merit in Brugal's arguments seeking dismissal of the other counts (as duplicative) or a new trial as the State's appropriate remedy on appeal. We affirm the trial court's entry of the judgment of conviction as to Counts 1 and 6; we affirm the trial court's entry of the judgment of acquittal as to Count 8; we reverse the judgment of acquittal as to Counts 2, 3, 4, 5, and 7, and reinstate the jury verdict and judgment of conviction as to those counts; and we reverse and remand the case for the entry of an amended judgment and resentencing in accordance with this opinion. The defendant shall be present at the resentencing.

Affirmed in part, reversed in part, and remanded for further proceedings.