IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

ADREA VERNIQUE WILEY,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-858

Opinion filed March 23, 2017.

An appeal from the Circuit Court for Escambia County.
Terry Terrell, Judge.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

## ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

      Appellee pled no contest to multiple offenses arising out of a "road rage" incident that started when she and the victim exchanged words in a Whataburger

drive-thru line. Appellee's scoresheet reflected a lowest permissible sentence of 58 months in prison, but after a hearing at which Appellee and her psychologist testified, the trial court imposed a downward departure sentence of 11 months and 30 days in jail, followed by 10 years of probation. The court relied on section 921.0026(2)(d), Florida Statutes (2013), which authorizes a downward departure when the court finds that "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction . . . and the defendant is amenable to treatment."

The State appealed Appellee's downward departure sentence. We affirmed on preservation grounds, see State v. Wiley, 179 So. 3d 481, 482 (Fla. 1st DCA 2015), but the Florida Supreme Court quashed that decision, see State v. Wiley, 42 Fla. L. Weekly S149 (Fla. Feb. 9, 2017). On remand, we reexamined the record and the arguments presented in the parties' briefs. We now affirm on the merits.

A trial court's decision whether to impose a downward departure sentence is a two-step process. In step 1, the court must determine "whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it." Banks v. State, 732 So. 2d 1065, 1067 (Fla. 1999) (emphasis in original). In step 2, the court must determine "whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case." Id. at 1068 (emphasis in original). In making the determination in

2

step 2, the court must "weigh the totality of the circumstances in the case, including aggravating and mitigating factors." Id.

In its initial brief, the State concedes that "Appellee met the requirements of Step One," and it only challenges the trial court's ruling on step 2. This ruling was a "judgment call within the sound discretion of the trial court," id., and based on our review of the record, we cannot say that the trial court abused its discretion by imposing a downward departure sentence under the circumstances of this case. Id. (explaining that "[d]iscretion is abused only where no reasonable person would agree with the trial court's decision."); see also Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. . . . .") (quoting Delno v. Market Street Railway Co., 124 F.2d 965, 967 (9th Cir.1942)). Accordingly, we affirm Appellee's sentence.

AFFIRMED.

WETHERELL, ROWE, and RAY, JJ., CONCUR.