BILBREY, J.,
concurring in part and dissenting in part.
Because the en banc majority opinion conflicts with State v. Shelley, 176 So.3d 914 (Fla. 2015) (Shelley II), and numerous cases from other Florida district courts, on the application of the double jeopardy protections found in the United States and Florida constitutions, I respectfully dissent from that part of the opinion and write to explain my view. I agree with other holdings of the en banc majority opinion as discussed below.'
Brian Mitchell Lee appeals his convictions following a jury trial, for traveling to meet a minor after use of a computer service to seduce, solicit, or lure the minor to engage in sex, in violation of section 847.0135(4)(a), Florida Statutes (2013) (count I); unlawful use of a two-way communications device to facilitate the commission of a felony, in violation of section 934.215, Florida Statutes (2013) (count II); and use of a computer service to seduce, *364 solicit, or lure a minor to engage in sex, in violation of section 847.0135(3)(a), Florida Statutes (2013) (count III). Lee argues that the elements of the unlawful use of the cell-phone (count II) and use of the computer service to solicit (count III) offenses are subsumed by the elements of the travel after solicitation offense (count I), and therefore the convictions and sentences for all three offenses constitute double jeopardy. Because the information in this case did hot allege distinct acts, the verdict form did not separate the acts, and the evidence presented to the jury was such that the State did not meet its burden-after being challenged by Lee—to show that the acts underlying Lee’s conviction were separate, I would agree with Lee’s double jeopardy argument and reverse Lee’s convictions and sentences for counts II and III in this case. I agree with the en banc majority’s rejection of the other issues raised by Lee without comment.
As to the State’s cross-appeal of the Lee’s downward departure sentences, I agree with the en banc majority that the recent Florida Supreme Court decision State v. Wiley, 210 So.3d 658 (Fla. 2017) (Wiley II), which quashed our earlier decision in State v. Wiley, 179 So.3d 481 (Fla. 1st DCA 2015) (Wiley I), preserves for our review the State’s objection to the downward departure sentences of Lee. I also agree with the en banc majority that now we can consider the merits of the State’s objection to the departure sentences, the trial court improperly departed and the case should be remanded for resentencing, but only as to count I.
PROCEEDINGS AT TRIAL
The State charged Lee with travel after solicitation in count I, “on or about January 2, 2014.” Count.II charged Lee with use of a two-way communications device to facilitate commission of a felony, and count III charged him with use of a computer service to seduce or solicit a child, both charges alleged to have occurred “on one or more occasions between December 22, 2013, and January 1, 2014.” The charges arose from Lee’s electronic correspondence with an Escambia County Sheriffs investigator posing online as a 14-year-old boy. The investigator responded to Lee’s Internet advertisement on Craigslist for legal sexual activity between adults, but the investigator on December 22, 2013, informed Lee that he was communicating with an underage boy. Lee persisted with frequent messages several times per day with increasingly graphic and explicit suggestions of sexual activity, between December 22, 2013, and January 1, 2014. The only gap in communications was during Christmas Eve and Christmas Day. None of the messages dated January 2, 2014, contained any reference to sexual activity, but January 2, 2014, was the date Lee traveled to meet the investigator’s fictitious persona. Lee was arrested when he arrived, at the agreed-upon meeting place. Following a jury trial, .Lee was convicted and sentenced on all three counts.
BURDEN OF PROOF
I respectfully submit that the cases the en banc majority cites have applied an oversimplified test by stating that the burden is on a defendant/appellant to show a double jeopardy violation at the trial level. I think a number of federal cases more thoroughly explain the burden. “In order to establish a double jeopardy claim, the defendant must first present a prima facia claim that double jeopardy principles have been violated. ... Once a defendant proffers sufficient proof to support a nonfrivo-lous claim, the burden shifts to the government to show that double jeopardy principles do not bar the proceeding.” U.S. v. Cruce, 21 F.3d 70, 74 (5th Cir. 1994) (ci *365 tations omitted); see also United States v. Stricklin, 591 F.2d 1112 (5th Cir. 1979); United States v. Reed, 980 F.2d 1568 (11th Cir. 1993).[14]
Here, before trial, Lee moved to dismiss the soliciting and unlawful use of a communication device charges based on double jeopardy. The trial court heard the motion, but noted controlling case law from our court[15] and a case where the Second District had certified conflict.[16] The motion was denied. By setting forth a prima facia case for double jeopardy violation by showing that Counts II and III were subsumed in Count I, and with the information showing that the dates overlapped, I believe that the burden then shifted to the State to show no double jeopardy violation was present. The State could easily have done that by amending the information to charge separate offenses occurring on different dates or even after a temporal break on the same date. See § 847.0135(3)0»), Fla. Stat. (“Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.”) (emphasis added).
The court in Griffith v. State, 208 So.3d 1208 (Fla. 5th DCA 2017), recognized that a different analysis applies when a defendant raises a double jeopardy challenge for the first time on appeal. In that situation the double jeopardy violation must be apparent from the face of the record. Id. at 1211 (citing Novaton v. State, 634 So.2d 607 (Fla. 1994)). It is in the situation where a double jeopardy violation is first raised on appeal that the burden is on the defendant. Griffith, 208 So.3d at 1211 (citing Edwards v. State, 139 So.3d 981 (Fla. 1st DCA 2014)). As discussed below, Lee raised the double jeopardy violations before the trial court and maintained his innocence throughout the case; therefore, I believe it was the State’s burden to show no double jeopardy violation occurred. I do not believe the State met this burden.[17]
*366 DOUBLE JEOPARDY
As noted by the en banc majority, the Fifth Amendment protection against double jeopardy includes the protection claimed here, the protection against multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). As explained by the Florida Supreme Court:
The most familiar concept of the term “double jeopardy’ is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense. The constitutional protection against double jeopardy is found in both article I, section 9, of the Florida Constitution and the Fifth Amendment to the United States Constitution, which contain double jeopardy clauses. Despite this constitutional protection, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.
Valdes v. State, 3 So.3d 1067, 1069 (Fla. 2009) (footnote omitted). Accordingly, a starting point for a double jeopardy determination is whether the multiple convictions are for “the same criminal offense.”[18]
The test to determine, if two convictions are for the “same offense” was set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The “Blockburger test” is codified in Florida in section 775.021(4), Florida Statutes, which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; .,. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set' forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. . Offenses which are degrees of the same offense as provided by statute.
*367 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2013).
The offenses proscribed by sections 847.0135(4) and 934.215, Florida Statutes (counts I and II in this case, respectively), have been deemed the same for purposes of double jeopardy analysis because “the unlawful use of a two-way communications device does not contain any elements that are distinct from the offense of traveling to meet a minor.” Hamilton v. State, 163 So.3d 1277, 1279 (Fla. 1st DCA 2015). Likewise, in Mizner v. State, 154 So.3d 391, 399 (Fla. 2d DCA 2014), dual convictions for unlawful use and traveling to meet a minor based on the same acts were reversed because “the proof of the unlawful use of a two-way communications device was subsumed within the proof of the solicitation and traveling offenses in this case.” Other recent cases have followed in this determination that violations of section 847.0135(4) (traveling after solicitation) and 934.215 (unlawful use of communications device) are not separate offenses when the same acts are involved because proof of unlawful use is subsumed within the proof of the travel. See Holt v. State, 173 So.3d 1079 (Fla. 5th DCA 2015); Holubek v. State, 173 So.3d 1114 (Fla. 5th DCA 2015).
Likewise, the Florida Supreme Court has found that the offenses of use of a computer service to solicit a minor or supposed minor, and traveling after such solicitation, are “the same” for purposes of double jeopardy analysis because “the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation.” Shelley II, 176 So.3d at 919.[19] In Shelley II, the Florida Supreme Court .ruled that double jeopardy was violated by dual convictions for solicitation (section 847.0135(3)(a)) and traveling to meet the minor (section 847.0135(4)), where the conduct “constitutes both solicitation ... and traveling after solicitation.” 176 So.3d at 919. The Florida Supreme Court held, that Shelley’s dual conviction violated the Blockburger test in section 775.021(4) because “the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation.” Id.
CHARGING DISTINCT ACTS TO AVOID DOUBLE JEOPARDY
In State v. Meshell, 2 So.3d 132 (Fla. 2009), dual convictions for lewd and lascivious battery were affirmed where the acts occurred within seconds of each other, but the information alleged different anatomical combinations. As the Florida Supreme Court in Meshell observed, “Florida courts have focused on whether the acts forming the basis of the charges are ‘distinct.’ ” Id. at 134. “Distinct acts” are “acts of a separate character and type requiring different elements of proof.” Id. at 135; see also Partch v. State, 43 So.3d 758 (Fla. 1st DCA 2010). While the offenses described by section 847.0135(3) and section 934.15 are subsumed within the proof of the offense described by section 847.0135(4), the .case law discusses violations of those statutes which are alleged to have occurred on *368 the same day or span of days. Thus, the actions supporting the charges have been considered the same acts, committed “in the course of one criminal episode or transaction.” See § 775.021(4).
For example, in Mizner, the State “charged each of the offenses over the same time period, from November 1, 2011, to November 4, 2011.” 154 So.3d at 400. The Mizner court rejected the State’s argument that the multiple uses of communications devices prevented that offense from being subsumed into the single charge for travel after solicitation. Id.
In Hamilton, the cell phone uses occurred “over three to four days in May of 2012” and the last element of the travel after solicitation occurred on May 4, 2012. 163 So.3d at 1278. Even though the acts resulting in the charges “spanned more than one day,” the court in Hamilton found that the State had “charged them as occurring during a single criminal episode” and thus vacated the conviction for the violation of section 934.15. Id. (emphasis added).[20]
The actions supporting the dual charges in Holt were both alleged to have occurred “on or about March 14, 2013.” 173 So.3d at 1081. Because both the charging document and the jury verdict form lacked any clear language to show that the charges were based on two distinct acts, “the State charged the offenses as occurring during a single criminal episode, and we may not assume they were predicated on different acts.” Id. at 1081; see also Partch, 43 So.3d at 762 (“The ambiguous wording of the charging information and the jury verdict makes it impossible for this court to know if the jury convicted appellant for one act of sexual battery or two distinct acts” when the evidence at trial showed overlapping acts).[21] Similarly, in Holubek, the unlawful use of a two-way communications device and the travel to meet the “minor” arose out of the same criminal episode between “the evening of March 14, 2013, and early morning hours of March 15, 2013.” 173 So.3d at 1115. See also Meythaler v. State, 175 So.3d 918 (Fla. 2d DCA 2015) (noting that State could have avoided the double jeopardy issue by amending the information to allege additional communications on different dates); Anderson v. State, 190 So.3d 1120, 1121 (Fla. 1st DCA 2016) (noting that “where the State charges the defendant with multiple counts of solicitation and also charges the defendant with traveling, so long as different conduct is alleged with regard to the solicitation and traveling charges, dual convictions will not violate the defendant’s double jeopardy rights”).
In Graham v. State, 170 So.3d 141, 143 (Fla. 1st DCA 2015), aff'd, 207 So.3d 135 (Fla. 2016), we affirmed a conviction over a double jeopardy challenge where “the in *369 formation and the jury verdict demonstrate that the charges were predicated on two distinct acts.” While we do not know what the information alleged at trial in Shelley II, we do know that the solicitations occurred “[o]ver the course of several days.” 176 So.3d at 916.
In Manetta v. State, 81 So.3d 560, 562 (Fla. 3d DCA 2012), the court cited to Partch and found a double jeopardy violation where two counts of lewd and lascivious molestation were identical and “thus did not so much as allege separate acts which might form the basis of separate judgments. ...” See also Gonzalez v. Jones, 14-20645-CIV, 2015 WL 5144348, at *32 (S.D. Fla. Jan. 22, 2015), report and recommendation adopted, 14-20645-CIV, 2015 WL 5156566 (S.D. Fla. Sept. 2, 2015) (citing to Manetta and Partch in holding that identical counts in the information alleging the “same offense” and not alleging “separate acts” resulted in a double jeopardy violation).
The unlawful use of a computer to solicit conviction was reversed in Batchelor v. State, 193 So.3d 1054 (Fla. 2d DCA 2016), due to the possibility that, the additional conviction for traveling after solicitation was based on the same acts. The State had charged that both offenses occurred on or between June 10, 2013, and June 13, 2010, but the court in Batchelor held that it was “not at liberty to infer” from the record that the State charged the defendant “with two distinct, chargeable offenses, separated in space or time.” Id at 1058. Discussing the same argument as the State makes here, the court in Batchelor stated:
Finally, the State argues that it is not possible to determine whether the defendant’s use of his two-way communications device was the same as his use of a computer online service or internet service without looking at the underlying facts of the case. The State is on to something here, but its analysis ignores the allegations of the charging document that it filed against Mr. Batchelor. One can imagine a scenario where convictions for both traveling to meet a minor and the unlawful use of a two-way communications device could be sustained. But such a scenario would require a charging document—unlike the one filed in this case—that distinguished the two acts as occurring separately, and that facts were adduced at trial to prove that the offenses were indeed committed as separate and distinct acts.
Id.
The deficiency in the charging document required reversal in Stapler v. State, 190 So.3d 162 (Fla. 5th DCA 2016), as well. There, dual convictions for solicitation and travel after solicitation were challenged on double jeopardy grounds. Id. at 163-64. Acknowledging that sections 847.0135(3) and 847.0135(4) contain the same elements, “the only issue in this case is whether Stapler can be convicted of multiple solicitations despite being charged with single counts of solicitation and traveling based on conduct occurring over the same specified period of time.” Id. at 164. The State in Stapler argued that the evidence established multiple violations sufficient to justify convictions under both sections, but the court declined “to deny a double-jeopardy claim ‘based on uncharged conduct simply because it could have been charged.’ ” Id. at 165 (quoting Shelley v. State, 134 So.3d 1138, 1141-42 (Fla. 2d DCA 2014) (Shelley I) ).
In Mahar v. State, 190 So.3d 1123 (Fla. 2d DCA 2016), the court reversed dual convictions for solicitation and traveling after solicitation as double jeopardy. The communications occurred a day prior to travel. “Like Shelley, the State here charged Mr. Mahar with one count of solicitation based on those multiday communi *370 cations and made no effort to charge the conduct in multiple, separate counts of solicitation.” Id. at 1125 (citing Meythaler, 175 So.3d at 919).
In Thomas v. State, 209 So.3d 35, 36 (Fla. 2d DCA 2016), the defendant was charged with soliciting “on or about March 19, 2013, through March 22, 2013” and traveling to meet .a minor on March ■ 22, 2013. Citing to Shelley II, Mahar,, and Meythaler, the Thomas court found a double jeopardy violation. 209 So.3d at 36-37.
Accordingly, in order to survive a double jeopardy challenge when a conviction for travel after solicitation has been obtained, convictions for the lesser felonies of unlawful use and solicitation must be based on conduct that is not “in the course of one criminal transaction or episode,” as contemplated by section 775,021(4), See Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014) (solicitation acts charged as separate counts for each date; travel after solicitation charged on only one of the dates and sufficient solicitation occurred that date to support travel offense).[22]
DISTINGUISHING CERTAIN CASES
■ The en banc majority relies on certain cases which I believe are distinguishable or have no application here. There are cases which have held that although the information did not charge two separate acts, the proof at trial was clear that distinct acts were involved and therefore double jeopardy was not implicated.[23] In our recent case McCarter v. State, 204 So.3d 529 (Fla. 1st DCA 2016), we found no double jeopardy violation where clearly distinct acts of solicitation were proven. In McCarter, the proof at trial of the soliciting a minor charge consisted of multiple requests via social media for nude pictures of a minor while the solicitation in the traveling after solicitation charge consisted of messages via smart phone to arrange in-person meetings for sexual activity with the minor. Id. at 530. McCarter is consistent with cases from other courts where double jeopardy was not violated so long as the evidence at trial clearly distinguished between separate offenses, as compared to this case, where the evidence did not.
In Fravel v. State, 188 So.3d 969, 972 (Fla. 4th DCA 2016), convictions for two counts of fraudulent use of personal identification were affirmed over a double jeopardy challenge where the evidence at trial showed two different banks and therefore “clearly distinguished between two separate counts.” In Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000), the convictions for two counts of throwing deadly missile were affirmed over a double jeopardy challenge based on the proof at trial *371 of two bricks thrown into two windows. In Nicholson, “the evidence at trial clearly distinguished between the two separate offenses.” Id. at 1228. In Vizcon v. State, 771 So.2d 3, 5-6 (Fla. 3d DCA 2000), convictions for 29 counts of money laundering were affirmed over a double jeopardy challenge with a citation to Nicholson’s requirement that the evidence at trial clearly distinguish separate offenses to avoid double jeopardy. If we did not want to conflict with these cases, we could still comply with the prohibition against double jeopardy by finding no violation where, unlike here, the evidence a trial “clearly distinguished” between separate acts.
APPLICATION OF DOUBLE JEOPARDY TO LEE
Here, the State alleged that the unlawful use and solicitation acts in counts II and III occurred over a twelve-day span, and the travel after solicitation in count I occurred only on day thirteen, immediately following the twelve-day span. The travel after solicitation offense requires proof of prior seduction, solicitation, luring, or enticement, which culminated in the travel. § 847.0135(4)(a), Fla. Stat. (2013). In this case, none of the text messages dated January 2, 2014, the day the travel occurred, were sexually explicit and none contained content constituting seduction or solicitation. Accordingly, the “after solicitation” element of the travel offense in count I must have been based on the texts leading up to January 2, the date the final element of the offense occurred.
' In this case, although the proof at trial of text messages over several days established multiple uses of Lee’s cell phone to facilitate a felony and also established multiple solicitations, I believe that it is incorrect to presume that Lee was not convicted of the same act in all three counts. The information in this case did not allege distinct acts; the verdict form did not separate the acts; and the evidence presented to the jury could support, but did not require, the jury to find that the acts underlying Lee’s conviction were separate. Therefore I would find that the multiple convictions and sentences violate double jeopardy.[24]
In conclusion as to the double jeopardy issue, the convictions and sentences' for unlawful use of a two-way communications device (count II) and for use of a computer service to seduce, solicit, or lure a person believed to be a child (count III) should be reversed while the conviction and sentence for traveling to meet a minor after using of computer to seduce or solicit a minor (count I) should be affirmed. See Shelley II, 176 So.3d at 919-20 (holding that when dual convictions violate double jeopardy, the lesser offense should be reversed and the greater offense affirmed). I respectfully dissent from the en banc majority decision to the extent it affirms Lee’s conviction on all three counts in spite of what I believe are double jeopardy violations.
*372 STATE’S DOWNWARD DEPARTURE APPEAL
At the time the panel decision issued, we were bound by our earlier decision in Wiley I that required the State to object to a downward departure sentence after the sentence was imposed for the downward departure to be preserved for appeal. 179 So.3d at 482. No objection was made by the State after the trial court granted Lee downward departure sentences, so the panel found that the issue was not preserved for appellate review. Subsequent to the panel decision, while this case was being considered en banc, the Florida Supreme Court issued Wiley II which quashed our decision in Wiley I. Wiley II, 210 So.3d at 660. Wiley II holds that the State’s objection to a downward departure sentence is preserved for appellate review if the State objects during the sentencing process. Id. Here, the State objected during the sentencing process to the trial court imposing the downward departure sentences on Lee.
I agree with the en banc majority that the trial court used a statutory mitigator without competent substantial evidence to support the mitigator and used impermissible non-statutory mitigators in granting the downward departure. I therefore agree with the decision of the en banc majority to remand for resentencing pursuant to Jackson v. State, 64 So.3d 90 (Fla. 2011). However, because of the double jeopardy violation, I would vacate the sentences for counts II and III, and would have the resentencing be only as to count I.
MAKAR, J., joins.

. " ‘It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt.’ ” Warmington v. State, 149 So.3d 648, 652 (Fla. 2014) (quoting Jackson v. State, 575 So.2d 181, 188 (Fla. 1991)). It is the State’s burden to show a defendant’s Fourth Amendment right was not violated in a warrantless seizure. Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). It is the State’s burden to show a defendant’s Fifth Amendment right against self-incrimination was not violated during custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Why should the State’s burden be different in dealing with the double jeopardy clause in the Fifth Amendment and article I, section 9, of the Florida Constitution?

. The case the trial court was presumably referring to, State v. Murphy, 124 So.3d 323 (Fla. 1st DCA 2013), was disapproved by the Florida Supreme Court in State v. Shelley, 176 So.3d 914 (Fla. 2015) (Shelley II).

. This case was presumably Shelley v. State, 134 So.3d 1138 (Fla. 2d DCA 2014) (Shelley I) which was approved in Shelley II.

. Sprouse v. State, 208 So.3d 785 (Fla. 1st DCA 2016), cited by the en banc majority as to the burden, is distinguishable because sexual battery and lewd and lascivious battery are separate and distinct criminal acts which require different elements of proof. See State v. Drawdy, 136 So.3d 1209 (Fla. 2014). Unlike those crimes, as discussed below, the three crimes Lee was charged with are the "same crime” for double jeopardy purposes. The same analysis applies to Williams v. State, 90 So.3d 931 (Fla. 1st DCA 2012), also cited by the en banc majority, where the attempted premediated murder and attempted felony murder counts required proof of different elements. See § 775.021(4)(a), Fla. Stat. In Capron v. State, 948 So.2d 954 (Fla. 5th DCA 2007), cited by the en banc majority, double jeopardy was reviewed for fundamental error since it was not raised at the trial level. In Koon v. State, 463 So.2d 201, 203 *366 (Fla. 1985), cited in Capron, it was held to be the defendant's burden to show "that the state authorities had little or no independent volition in state court proceedings” when state and federal prosecutions for the same crime were being undertaken pursuant to the dual sovereign exception to double jeopardy. See Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3, L.Ed.2d 684 (1959). I would read Koon as being consistent with the above federal cases that a defendant must make out a prima facia case, at which time the burden falls on the State to show no double jeopardy violation. In Koon, the' defendant did not make a case for application of the exception to the dual sovereign doctrine. Here, Lee made a prima facia case for a double jeopardy violation by showing he was charged with the same crimes as a matter of law for the same offense by one sovereign, the State of Florida.

. The en banc majority starts its double jeop- , ardy analysis as a different point, but I agree that the same three-part test applies, See Partch v. State, 43 So.3d 758 (Fla. 1st DCA 2010), The Court in Shelley II started, like I do here, with "same criminal offense” analysis. 176 So.3d at 917 (quoting Valdes v. State, 3 So.3d 1067, 1069 (Fla. 2009)).

. The en banc majority discusses Shelley II and its mention of the "same conduct.” (Maj. Op. at 351). The majority equates the "same conduct” in Shelley II with a single act. But I read the "same conduct” discussed in Shelley II to mean the “samé criminal episode or transaction,” a separate consideration in the three-part double jeopardy analysis. See Partch, 43 So.3d at 760. A "same criminal episode or transaction” or the “same conduct” may encompass multiple single acts. I respectfully submit that the en banc majority misapplies Shelley II by reading its "same conduct” discussion to only be a single act.

. I believe the en banc majority has receded from Hamilton v. State, 163 So.3d 1277, (Fla. 1st DCA 2015), on this point. I respectfully submit that we should continue to comply with our holding in Hamilton.

. The en banc majority has "clarified” the language in Partch, which the court in Holt v. State, 173 So.3d 1079 (Fla. 5th DCA 2015), as well as other courts, applied as I do here. I think it is fairer to say that the en banc majority recedes from Partch. In Partch, we previously held that where "neither the charging information nor the jury verdict form included language clearly predicating the disputed charges on two distinct sex acts,” it was "impossible for this court to know if the jury convicted appellant for one act of sexual battery or two distinct acts” when the evidence produced at trial showed overlapping acts. Partch, 43 So.3d at 761-62. Accordingly, in Partch, the "distinct acts exception” to the double jeopardy rule did not apply and the conviction was reversed. Id. at 763-64. I would not recede from Partch and would instead apply its plain language, as other courts have done.

. It is worth noting that in considering the double jeopardy clause protection against being twice put to trial for the same offense, the United States Supreme Court has looked to the charging document (the indictment'in federal court) in considering whether to grant relief. Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

. It would arguably be simpler to rely solely on the specific acts alleged in the information without regard to what was proven at trial. This appeárs to be the approach taken by other districts. See Honaker v. State, 199 So.3d 1068 (Fla. 5th DCA 2016); Batchelor v. State, 193 So.3d 1054 (Fla. 2d DCA 2016); Mizner v. State, 154 So.3d 391, 399 (Fla. 2d DCA 2014). But such an approach is precluded by McCarter v. State, 204 So.3d 529 (Fla. 1st DCA 2016), In McCarter, the proof at trial for the soliciting count consisted of multiple requests via social media for nude pictures of a minor while the solicitátion in the traveling after solicitation count consisted of messages via smart phone to arrangq in-person meetings with the minor. Even if we did not want to overrule McCarter en banc, it could be reconciled with the cases from the other districts by the approach I propose here to avoid conflict.

. The en banc majority discusses Hammel v. State, 934 So.2d 634, 635 (Fla. 2d DCA 2006), for the contention that each break allowing a defendant to "pause, reflect, and form a new criminal intent” can be charged separately. I agree that no double jeopardy violation occurs where the information charges separate acts following temporal breaks like in Ham-mel. Here, however, Lee was not charged with separate acts but with overlapping acts, such that we cannot be clear that the jury did not convict him of the same act. Duke v. State, 444 So.2d 492 (Fla. 2d DCA 1984), and the related cases ¡discussed by the en banc majority concerning temporal breaks are consistent with State v. Meshell, 2 So.3d 132 (Fla. 2009), where dual convictions for lewd and lascivious battery were affirmed where the acts occurred within seconds of each other, but the information alleged different anatomical combinations. No such allegations were present in the information here.