# Third District Court of Appeal

## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1769
Lower Tribunal No. F18-22263
_____

**Charles A. Manetta, Sr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Charles A. Manetta, Sr., in proper person.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO, and BOKOR, JJ.

LINDSEY, J.

Charles A. Manetta Sr. appeals summary denial of his pro se rule 3.850 motion for postconviction relief. We affirm.

In 2009, Manetta was convicted of one count of lewd and lascivious molestation of a child under the age of twelve and two counts of lewd and lascivious molestation of a child between twelve and sixteen years of age under section 800.04, Florida Statutes (2021).[1] He was sentenced to 136.5 months in prison followed by fifteen years sexual offender probation. Also in 2009, the trial court entered an order designating Manetta as a sexual offender and requiring him to register as a sexual offender forty-eight hours following his release from prison. See § 943.0435, Florida Statutes (2021).

After his release from prison, Manetta was arrested for failing to timely register as a sexual offender. If found guilty, he would also have been found guilty of violating his probation. As part of a negotiated plea, Manetta pled guilty to both the registration charge and the probation violation in exchange for six months community control running concurrently with his fifteen-year probation.

---

[1] Lower Tribunal No. F05-31805. On direct appeal, this Court vacated the judgment and sentence as to one of the counts of lewd and lascivious molestation of a child between twelve and sixteen years of age. Manetta v. State, 81 So. 3d 560 (Fla. 3d DCA 2012).

Then in February 2021 Manetta filed a postconviction motion challenging his conviction for failing to register as a sexual offender. He claimed his counsel was ineffective for failing to file a motion to dismiss the charge, arguing that he was not statutorily required to register until after he completed his fifteen years of probation. The trial court summarily denied Manetta's motion because (1) its 2009 order designated him as a sexual offender and required that he register as such forty-eight hours following his release from prison; and (2) section 943.0435(h) also required he register forty-eight hours following his release from prison.

Pursuant to Florida Rule of Criminal Procedure 3.850(f)(5):

> If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order. If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.

We agree with the trial court that Manetta's motion is conclusively resolved both as a matter of law and on the attached files and records. Manetta's trial counsel cannot be deemed ineffective for failing to raise meritless claims. See Strickland v. Washington, 466 U.S. 668 (1986) (articulating the two-prong test for a defendant to succeed on a claim of ineffective assistance of counsel).

Affirmed.